## THE STATE v. ALBERT F. HOLDEN.

CONSTITUTIONAL LAW—EMPLOYMENT OF MINERS—HOURS OF LABOR.

*Held*, that section 2, p. 219, Sess. Laws 1896, under which defendant was convicted, is not unconstitutional; and the section is upheld on grounds similar to those stated in the opinion rendered in the case of *State of Utah* v. *Holden*, 14 Utah 71.

(No. 725. Decided Nov. 11, 1896.)

Appeal from the Third district court, Salt Lake county. Albert F. Holden was convicted of violating the act regulating the hours of employment in mines, and appeals. *Affirmed.*

*Marshall & Royle, Dickson, Ellis & Ellis,* and *Bennett, Harkness, Howat & Bradley,* for appellant.

*A. C. Bishop,* Attorney General, *C. S. Varian, O. W. Powers, Chas. J. Pence,* and *J. H. Murphy,* for the State.

ZANE, C. J.:

The defendant was convicted of a violation of section 2 of "An act regulating the hours of employment in underground mines, and in smelters and ore reduction works," as follows:

"Section 1. The period of employment of workingmen in all underground mines or workings shall be eight (8) hours per day, except in cases of emergency, where life or property is in imminent danger.

"Sec. 2. The period of employment of working men in smelters and other institutions for the reduction or refining of ores or metals shall be eight (8) hours per day, except in cases of emergency, where life or property is in imminent danger.

"Sec. 3. Any person, body corporate, agent, manager or employer, who shall violate any of the provisions of Secs. 1 and 2 of this act, shall be deemed guilty of a misdemeanor."

Sess. Laws Utah 1896, p. 219.

The case is analogous to the case of the *State of Utah* v. *Albert F. Holden,* 14 Utah 71, except that the defendant in that case was convicted of a violation of the first section of the above act, in employing a workingman in underground mining more that eight hours per day, and the

14 UTAH—7

conviction in this one was for the employment of one William Hooley, in his concentrating mill, for the reduction of ores, more than eight hours per day. The conditions with respect to health of laborers in underground mines doubtless differ from those in which they labor in smelters and other reduction works on the surface. Unquestionably, the atmospheric and other conditions in mines and reduction works differ. Poisonous gases, dust, and impalpable substances arise and float in the air in stamp mills, smelters, and other works in which ores containing metals, combined with arsenic or other poisonous elements or agencies, are treated, reduced, and refined; and there can be no doubt that prolonged effort day after day, subject to such conditions and agencies, will produce morbid, noxious, and often deadly effects in the human system. Some organisms and systems will resist and endure such conditions and effects longer than others. It may be said that labor in such conditions must be performed. Granting this, the period of labor each day should be of a reasonable length. Twelve hours per day would be less injurious than fourteen, ten than twelve, and eight than ten. The legislature has named eight. Such a period was deemed reasonable.

The people of the state, in their constitution, made it mandatory upon the legislature to "pass laws to provide for the health and the safety of the employés in factories, smelters and mines." Const. Utah, Art. 16, § 6. We do not feel authorized to hold that the statute quoted was not designed, calculated, and adapted to promote the health of the class of men who labor in smelters and other works for the reduction and treatment of ores. Nor can we say that the law conflicts with any provision of the constitution of the United States. Nor do we wish to be understood as intimating that the power to pass the law does not exist in the police powers of the state. The author-

ity to pass laws calculated and adapted to the promotion of the health, safety, or comfort of the people, and to secure the good order of society, and the general welfare, undoubtedly is found in such police powers. The law in question is confined to the protection of that class of people engaged in labor in underground mines, and in smelters and other works wherein ores are reduced and refined. This law applies only to the classes subjected by their employment to the peculiar conditions and effects attending underground mining and work in smelters, and other works for the reduction and refining of ores. Therefore, it is not necessary to discuss or decide whether the legislature can fix the hours of labor in other employments. Though reasonable doubts may exist as to the power of the legislature to pass a law, or as to whether the law is calculated or adapted to promote the health, safety, or comfort of the people, or to secure good order, or promote the general welfare, we must resolve them in favor of the right of that department of government.

For a more extended consideration of the questions raised by the assignment of errors in this case, the opinion filed in the case between the same parties, *supra*, is referred to. That case we now reaffirm as governing this one. The application for the discharge of the defendant is denied, and he is remanded to the custody of the sheriff, until released in pursuance of law.

BARTCH and MINER, JJ., concur.