[Crim. No. 1541.  In Bank.—December 23, 1909.]

## In the Matter of the Application of FRED J. MARTIN for a Writ of Habeas Corpus.

LABOR LAW—ACT LIMITING HOURS OF EMPLOYMENT APPLICABLE TO QUARTZ-MILLS.—An ordinary stamp-mill, for the crushing and pulverizing of quartz for the purpose of extracting precious metals therefrom, is embraced within the phrase "smelters and other institutions for the reduction or refining of ores or metals," within the

meaning of the act of March 10, 1909 (Stats. 1909, p. 279), limiting the hours of employment therein to eight consecutive hours.

ID.—WORKING IN QUARTZ-MILL DETRIMENTAL TO HEALTH.—It cannot be judicially held that working in such a quartz-mill will not be detrimental to the health of the workmen to such an extent as to make it advisable to shorten the hours of labor therein. The determination of such question was for the legislature, and will not be reviewed by the court.

APPLICATION for a Writ of Habeas Corpus directed to the Constable of Angels Township, Calaveras County.

The facts are stated in the opinion of the court.

Solinsky & Wehe, and Paul C. Morf, for Petitioner.

James Keith, and Thos. S. Ford, for Respondent.

SHAW, J.—This case was submitted upon the same briefs and at the same time as the two cases with the same title, numbered, respectively, 1539 and 1540, *ante*, pp. 51, 59, [106 Pac. 235, 238]. The only point wherein it differs from the other two cases is that in this case the petitioner was charged with having commanded a workman to work more than eight hours in one day, upon a mill in control of the petitioner and then in operation crushing and pulverizing quartz for the purpose of extracting precious metals therefrom, in other words, in an ordinary stamp-mill.

The only arguments in favor of the writ, not answered in the opinions in the other two cases, are,—1. That the mill in question is working free milling ore and the metal is extracted solely by the process of pulverizing and washing, which, it is claimed, is not embraced within the phrase "smelters and other institutions for the reduction or refining of ores or metals," contained in the act; and, 2. That the occupation of laboring in a quartz-mill of this kind is not sufficiently injurious to health to bring it within the scope of the police power.

As applied to mining, the word "reduce" means to bring to a specified form or condition, as, to reduce a rock to powder, or, to deprive an ore of non-metallic constituents, and the word "reduction" means the separation of metals from their ores (Standard Dict.). The application of heat to flux the

ore is not necessary in order to make the establishment an "institution for the reduction of ore." A quartz-mill comes as clearly within the meaning of that phrase as a smelter. We cannot agree to the proposition that the insertion of the word "smelters," at the beginning of the phrase used in the statute, brings it within the rule *noscitur a sociis,* so as to confine the application of the statute to institutions wherein ores are reduced by smelting.

The legislature has by this act declared that in its judgment the occupation of laboring in reduction works of this character is so dangerous to the health of those engaged in it as to make it a proper subject of regulation. As was remarked in the opinion in case No. 1539, *ante,* p. 51, the legislative judgment upon a matter of fact such as this "is not subject to judicial review unless it clearly appears to have been exercised arbitrarily and without any show of good reason." In a quartz-mill the ore is first crushed and then washed in order to separate the metal from the rock. In this process it is obvious that frequently the air in the vicinity of the crusher will become filled with fine particles of the rock in the form of dust, which the workmen in breathing must draw into their lungs. We cannot say that this will not be detrimental to their health to such an extent as to make it advisable to shorten the hours of labor therein. It has been so held in cases in other states, with respect to similar statutes. (*Ex parte Boyce,* 27 Nev. 33, [75 Pac. 3] ; *Ex parte Kair,* 28 Nev. 141, [113 Am. St. Rep. 817, 80 Pac. 465] ; *State* v. *Holden,* 14 Utah, 98, [46 Pac. 1105] ; *Holden* v. *Hardy,* 169 U. S. 396, [18 Sup. Ct. 383].)

For these reasons we are of the opinion that the facts charged in the complaint against the petitioner state an offense defined in the statute, and that the statute is, in this particular, a constitutional enactment. The process upon which he is in custody is therefore valid.

It is ordered that the petition be dismissed and that the petitioner be remanded to the custody of the officer.

Sloss, J., Angellotti, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.

Rehearing denied.