[Crim. No. 2391. In Bank.—February 23, 1922.]

## In the Matter of the Application of JESSE TWING for a Writ of Habeas Corpus.

[1] EMPLOYER AND EMPLOYEE—REGULATION OF HOURS OF DRUG CLERKS —ACT OF 1905 — CONSTITUTIONALITY OF. — The statute of 1905 (Stats. 1905, p. 28, as amended by Stats. 1907, p. 273; Stats. 1921, p. 1323), regulating the working hours of employees engaged in selling, at retail, drugs and medicines, compounding physicians' prescriptions, and providing a penalty for its violation, is not unconstitutional.

[2] ID.—POLICE POWER—REGULATIONS AND RESTRICTIONS IN EMPLOYMENT.—It is now generally recognized and held that in the exercise of its police power the state may impose such regulations and restrictions upon the relation of master and servant as are conducive to the public welfare, health, and safety.

[3] ID.—PLEADING—INSUFFICIENT COMPLAINT.—The limitation of working hours prescribed by the statute of 1905, regulating the hours of drug clerks, applies only to the time the clerk is actually engaged in· performing the work of selling drugs or other medicines, or compounding physicians' prescriptions, and the time spent by him in other duties is not to be taken into account in determining whether or not the law has been violated; and a complaint alleging a violation of section 2 of the act, which charges the defendant with having worked two hours at the prescribed work on the day in question, although it is alleged he worked ten hours on said day, the balance of the time being in lines not covered by the act, does not state a public offense.

[4] CRIMINAL LAW—PENAL STATUTES—CONSTRUCTION.—Penal statutes must be construed to reach no further than their words; no person can be made subject to them by implication.

---

1. Validity of statutory regulation of druggists or pharmacists, note, 10 Ann. Cas. 399.

Constitutionality of legislative limitation of hours of labor, notes, 65 L. R. A. 38; 12 L. R. A. (N. S.) 1130; 26 L. R. A. (N. S.) 242; 35 L. R. A. (N. S.) 628; 40 L. R. A. (N. S.) 893; 51 L. R. A. (N. S.) 361; L. R. A. 1915F, 829.

APPLICATION for a Writ of Habeas Corpus to discharge one charged with violating an act regulating the hours of drug clerks. Writ granted and Petitioner discharged.

The facts are stated in the opinion of the court.

W. J. Carr for Petitioner.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, James M. Oliver, Ervin R. Widney, City Prosecutor, and Harry A. Mock, Deputy City Prosecutor, for Respondent.

WASTE, J.—This is an application for a writ of *habeas corpus.* The petitioner, an employee of a drugstore, was arrested, together with his employer, and charged with violating the provisions of section 2 of an act of the legislature regulating the working hours of employees engaged in selling, at retail, drugs and medicines, compounding physicians' prescriptions, and providing a penalty for its violation and the acts amendatory thereof. (Stats. 1905, p. 28, as amended by Stats. 1907, p. 273; Stats. 1921, p. 1323.) His contention on this application is that the police court of the city of Los Angeles, out of which the warrant for his arrest was issued, had no jurisdiction in the matter, in that the complaint does not state facts constituting a public offense under the statute, and that the act is unconstitutional.

[1] As to the latter contention we think little need be said. [2] It is now generally recognized and held that in the exercise of its police power the state may impose such regulations and restrictions upon the relation of master and servant as are conducive to the public welfare, health, and safety. (26 Cyc. 978, 979; *Holden* v. *Hardy,* 169 U. S. 366, 395 [42 L. Ed. 780, 18 Sup. Ct. Rep. 383, see, also, Rose's U. S. Notes]; *Ex parte Martin,* 157 Cal. 60, 62 [106 Pac. 239].) In deciding that the California statute of 1911 (Stats. 1911, p. 437), as amended in 1913 (Stats. 1913, p. 713), limiting the hours of labor of women in certain employments, including those in hospitals, to eight hours a day, or a maximum of forty-eight hours a week, was not

unconstitutional, the supreme court of the United States had before it this act regulating the hours of labor of drug clerks, as it then stood. Mr. Justice Hughes, speaking for the court, said: "It appears that a statute of California limits the hours of labor of pharmacists to ten hours a day and sixty hours a week. Stats. (Cal.) 1905, p. 28. In view of the nature of their work, and the extreme importance to the public that it should not be performed by those who are suffering from overfatigue, there can be no doubt as to the legislative power reasonably to limit the hours of labor in that occupation. . . . The mere question whether in such case a practical exigency exists, that is, whether such a requirement is expedient, must be regarded as a matter for legislative, not judicial, consideration." (*Bosley* v. *McLaughlin*, 236 U. S. 385, 392 [59 L. Ed. 632, 35 Sup. Ct. Rep. 345, 347, see, also, Rose's U. S. Notes].)

The contention of the petitioner that no public offense is pleaded in the complaint, on which he was arrested, presents the meritorious point in the case. Section 2 of the act, which was passed "as a measure for the protection of public health," provides that "no person employed by any person, firm or corporation, shall for more than nine hours during any one day of twenty-four hours, or fifty-four hours a week of six days a week, perform the work of selling drugs or other medicines, or compounding physicians' prescriptions, in any store, establishment or place of business, where and in which drugs or medicines are sold at retail, and where and in which physicians' prescriptions are compounded." The answering of and attending to emergency calls shall not be construed as a violation of the act. Violation of the statute is, by its terms, made a misdemeanor.

According to the allegations of the complaint, the petitioner, a duly licensed pharmacist, was employed in a store in which drugs and other medicines were sold, and physicians' prescriptions were compounded, and in which store stationery, cigars, candies, ice-cream, soft drinks, and other articles of general merchandise were regularly kept for sale. His duties were to generally attend the store and wait on customers. On a given day, in the course of his employment, he worked a total of ten hours, during which period it is alleged that "intermittently and according to the run of trade, and in the aggregate for two hours, . . . the said

Jesse Twing was actually engaged in the work of selling drugs and other medicines and of compounding physicians' prescriptions, and during the balance of said ten hours, to wit: for eight hours the said Jesse Twing was engaged in the work of selling stationery, cigars, candies, ice-cream, soft drinks and other articles of general merchandise there regularly kept for sale and of attending said store and waiting on customers." In other words, it is in effect alleged that, although the petitioner worked ten hours in the store on the day given, only two hours of that time, at intervals during the day as occasion demanded, were actually devoted to the work of selling drugs and medicines and in compounding physicians' prescriptions. [3] The complaint appears to have been drawn for the purpose of squarely presenting the contention of the petitioner, which, concisely stated, is that the limitation of working hours prescribed by the statute applies only to the time the clerk is actually engaged in performing the work of selling drugs or other medicines, or compounding physicians' prescriptions, and that the time spent by him in other duties is not to be taken into account in determining whether or not the law has been violated. From this contention the petitioner argues that, as he is charged with having worked but two hours at the prescribed work, on the day in question, the complaint falls short of alleging a public offense. From a careful consideration of the language of the statute we think this must be so. The act by its terms relates specifically to employees engaged in selling drugs and medicines and compounding physicians' prescriptions. Section 2, already noted, forbids the selling of drugs, or other medicines, and the compounding of physicians' prescriptions by the employee for more than nine hours during any one day, or fifty-four hours a week of six days. It prohibits nothing else. The legislature might well have provided that the total working hours of any employee engaged in selling drugs and medicines, or compounding physicians' prescriptions, should not exceed a certain number in each day, regardless of whether he was actually and continuously engaged in such work or not. It has not done so, and we are not permitted to read into the act an interpretation that would make it a crime to do something the legislature has not prohibited. We are not unmindful of the weight of the argument of the attorney-

general that the employment of a drug clerk at other tasks while waiting to serve purchasers of drugs and medicines may be as fatiguing as any other kind of work, and may impair his efficiency and accuracy to as great a degree, and that it is the possible harmful results arising from the fatigue caused by long hours of continued employment from which the legislature sought to protect the public, **[4]** but penal statutes must be construed to reach no further than their words; no person can be made subject to them by implication. (*People* v. *Tisdale,* 57 Cal. 104, 107; *Ex parte Kohler,* 74 Cal. 38, 44 [15 Pac. 436]; *Hackfeld* v. *United States,* 197 U. S. 442, 450 [49 L. Ed. 826, 25 Sup. Ct. Rep. 456, see, also, Rose's U. S. Notes].)

It results that the complaint states no offense, and the petitioner must be discharged. It is so ordered.

Shaw, C. J., Wilbur, J., Shurtleff, J., Lawlor, J., Richards, J., *pro tem.,* and Sloane, J., concurred.