[Crim. No. 2392. In Bank.—February 23, 1922.]

In the Matter of the Application of WALTER HANKAM-
MER for a Writ of Habeas Corpus.

[1] EMPLOYER AND EMPLOYEE—REGULATION OF HOURS OF DRUG CLERKS
—ACT OF 1905 — CONSTRUCTION. — Sections 2 and 3 of the act of
1905 (Stats. 1905, p. 28, as amended by Stats. 1907, p. 273; Stats.
1921, p. 1323), regulating the working hours of employees engaged
in selling, at retail, drugs and medicines, compounding physicians'
prescriptions, and providing a penalty for its violation, relate to
the same subject and must be construed together.

[2] ID.—PLEADING—INSUFFICIENCY OF COMPLAINT.—*In the Matter of
the Application of Jesse Twing, ante,* p. 261, it is held that the
complaint in this case states no offense.

APPLICATION for a Writ of Habeas Corpus to dis-
charge one charged with violating an act regulating the
hours of drug clerks. Writ discharged.

The facts are stated in the opinion of the court.

W. J. Carr for Petitioner.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy
Attorney-General, James M. Oliver, Ervin R. Widney, City
Prosecutor, and Harry A. Mock, Deputy City Prosecutor,
for Respondent.

THE COURT.—This is an application for a writ of
*habeas corpus.* The petitioner, owner of a drug-store, was
arrested, and held to answer, together with one of his em-
ployees, on a charge of violating the provisions of section 3
of an act of the legislature, regulating the working hours of
employees engaged in selling, at retail, drugs and medicines,
compounding physicians' prescriptions, and providing a pen-
alty for its violation and the acts amendatory thereof.
(Stats. 1905, p. 28, as amended by Stats. 1907, p. 273;
Stats. 1921, p. 1323.) The material issues made by the peti-
tion, and the return, are identical with those presented and
considered by the court in *In the Matter of the Application*

*of Twing, ante,* p. 261 [204 Pac. 1082]. Section 2 of the act, for the alleged violation of which Twing was arrested, and section 3, under which this petitioner was charged, relate to the same subject and must be construed together. So considered, what we have said in the former case applies in this. On the authority of that decision it follows that the complaint in this case, as in that, states no offense.

The petitioner must be discharged, and it is so ordered.

Waste, J., Shaw, C. J., Wilbur, J., Lawlor, J., Shurtleff, J., Richards, J., *pro tem.,* and Sloane, J., concurred.