## 19018. CHANDLER *v*. THE STATE.

*Strozier & Gower, W. H. Dorris,* for plaintiff in error.

*T. Hoyt Davis, solicitor-general, C. L. Harris,* contra.

BLOODWORTH, J. We will discuss headnotes 4, 5, and 7 only.

■ Complaint is made in the motion for a new trial "that the court failed to set out in his charge, at any point, the contention of the defendant,—that is to say, the court ignored in his charge, and failed to state to the jury, the defense relied upon in the trial of his case. In other words, movant contends that it was the duty of the court, and in fairness to the defendant in the trial of his case, to have stated to the jury his contentions that he was not guilty for the reason that he was totally incapacitated, both mentally and physically, to take care of and provide for his child, and that the defendant, by reason of his affliction, both mentally and physically, had provided a home for his said wife and child at the home of defendant's father, and that his said wife, by voluntarily leaving the home and support which he had provided for them, therefore rendered fruitless the provision which the defendant had made for the support of his said child." The court having charged generally on the issues in the case, if more specific instructions appropriate to these theories of the defense were desired, there should have been a timely and legal written request therefor. In the absence of such a request it is not incumbent on the trial judge to call the attention of the jury to such theories. *Williams* v. *State,* 120 *Ga.* 870 (48 S. E. 368); *Southern Ry. Co.* v. *Hill,* 139 *Ga.* 555 (77 S. E. 803); *Edge* v. *Calhoun National Bank,* 155 *Ga.* 821 (2), 826 (118 S. E. 359). In *Beavers* v. *State,* 33 *Ga. App.* 370 (2) (126 S. E. 305), this court held: "Where a ground of a motion for a new trial complains of the failure of the judge to charge certain principles of law (which the ground alleges should have been charged under the evidence adduced upon the trial), but where no evidence whatsoever is set forth in the ground, the ground is not complete and understandable within itself, and this court will not search through the brief of the evidence to discover whether there

was any evidence requiring such instructions." This ruling disposes also of the alleged error of omission to charge of which complaint is made in ground 6 of the motion.

■ The following excerpt from the charge is alleged to be error: "Separation of the father from the child does not bring about the question of how or in what manner such separation was brought about. It doesn't involve the question of whether the father went away voluntarily from the place where the child had formerly been. It doesn't involve the question of whether the mother of the child took the child with her, away from the place where the father was. It doesn't involve the question of who, if either of the parents, were at fault in bringing about such separation between the father and the child. The conduct of the mother, no matter what it may be, in coming or going, can in no manner relieve the father of his duty to furnish food, shelter, and clothing for the minor child. The question to be considered by the jury is, was the father separate from the minor child? If so, then did he fail to supply its needs?" For no reason alleged is this excerpt erroneous. In *Campbell* v. *State*, 20 *Ga. App.* 190, 192 (92 S. E. 963), Judge George said: "We bring nothing into the world, literally, so far as food, shelter and clothing are concerned. The unnamed infant referred to in the indictment was no exception to the rule. It needed food, clothing and shelter; it had to depend upon its mother for its food, its clothing and its shelter, because it had no property of its own. Neither good morals nor the laws of this State require that the father should be invited or requested to administer to the needs of his dependent child. The child is, in law, dependent upon the father for its food, shelter and clothing, and it is the legal duty of the father to provide them. If the child is fed at the mother's breast, and if the mother be abandoned by the father prior to the birth of the child, and if this abandonment of both the mother and the child continue after the birth, the child is abandoned by the father. The fact that the mother supplied the food, shelter and clothing is no legal defense to an accusation against the father under section 116 of the Penal Code."

■ It is alleged that the court erred in charging: "It is claimed by the State that the child in question is a helpless infant, deriving its sustenance from the mother's breast. On that subject the law of this State, as declared by the Court of Appeals, is as follows:

'We bring nothing into the world, literally, so far as food, shelter and clothing are concerned.' An infant baby needs food, clothing and shelter. If the baby procures its food from the mother's breast, then the duty devolves upon the father to furnish sustenance for the support of the mother, that she may in turn, in the course of nature, be able to furnish the child with its food." We can not agree with the insistence of counsel for plaintiff in error that this portion of the charge is erroneous for any of the reasons urged against it; that is, that it was argumentative, was an intimation by the judge of what had been proved, and that it was calculated to mislead and did mislead the jury.

*Judgment affirmed. Broyles, C. J., concurs. Luke, J., dissents from the ruling in headnote 4.*