THE PEOPLE, Respondent, v. SOL ZIMBROLT, Appellant.

[3 Cal. Supp. 115.]

Orloff & Katz for Appellant.

Ray L. Chesebro, City Attorney, W. Jos. McFarland, Assistant City Attorney, and Marvin Chesebro, Deputy City Attorney, for Respondent.

BISHOP, J.—The facts in this case are not in dispute, but the interpretation to be placed upon the provisions of section 354, Penal Code, under which appellant was charged, convicted and sentenced, is in dispute. Because we are of the opinion that the undisputed facts fail to show that the appellant violated any provision of the section, when construed as it should be, we have concluded that the judgment must be reversed.

The section, which has not been the subject of any reported decision, has read as follows since the year 1897: ''Every person who has in his possession, or who uses any cask, bottle, vessel, case, cover, label, brand, or other thing bearing, or having in any way connected with it the trademark of another, which has been duly recorded in the office of the secretary of state, or with the commissioner of patents in the United States patent-office, or the trade name of another, for the purpose of disposing of any article, other than that which such cask, bottle, vessel, case, cover, label, brand, or other thing originally contained, or is connected with by the owner of such trade-mark or trade name, with intent to deceive or defraud, is guilty of a misdemeanor''

In proof of the charge that the defendant had twice offended against the section, the People proved and now rely upon these facts. The defendant had in his possession a number of labels bearing a very close resemblance to those authentically used by the makers of Bacardi rum and also a number much like those rightfully used by the makers of The Old Smuggler whiskey. The genuine labels, both of the rum and of the whiskey, bore, and those possessed by the defendant appeared to bear, the trade-marks of the respective makers which trade-marks had been registered (recorded) with the commissioner of patents in the United States patent office. The defendant sold the labels, both for the Bacardi rum and The Old Smuggler whiskey, to one whom he believed to be a bootlegger desiring to obtain some counterfeit labels to further the sale of his home-made products. With the

labels, the defendant sold some corks and other trimmings to make the bootlegger's rum and whiskey pass more readily as Bacardi and The Old Smuggler.

However much we may decry the willingness of the defendant to cooperate, for a price, in making it possible to pass off he-knew-not-what-concoction, to those seeking Bacardi and The Old Smuggler, we cannot see in the facts of the case a violation of the section under which the defendant was charged and convicted. For our purposes, many of the words of the section may be discarded in order that its meaning may the better be understood; we are not concerned with casks, for example, nor with one "who uses", inasmuch as defendant's crime, if any, was in possession, but not in making use of, any of the enumerated articles. Thus reduced to essentials, the section reads: "Every person who has in his possession . . . any label . . . bearing . . . the trademark of another . . . *for the purpose of disposing of any article* . . . with intent to deceive or defraud, is guilty of a misdemeanor." The emphasis we have added points to the element, plainly essential to the existence of a crime, which is wholly lacking in the facts of this case. That is to say, the section makes it a crime to possess a label only when he who has the label also has the purpose of disposing of an article to which the label may be affixed. It is the possession for the purpose of disposing of any article which is interdicted, not possession with the purpose of selling to another person to enable the latter to dispose of an article. Crimes are not to be "built up by courts with the aid of inference, implication, and strained interpretation" (*Ex parte McNulty,* (1888) 77 Cal. 164, 168 [19 Pac. 237, 11 Am. St. Rep. 257]), and "penal statutes must be construed to reach no further than their words; no person can be made subject to them by implication". (*Ex parte Twing,* (1922) 188 Cal. 261, 265 [204 Pac. 1082].) As it appears that the only purpose that the defendant had in possessing the labels was to dispose of them, that he was a bootlegger of labels, not of liquor, the evidence is insufficient to support the conviction.

The judgment is reversed and the cause is remanded to the municipal court for a new trial.

Shaw, P. J., concurred.

SCHAUER, J., Concurring.—I concur. While the defendant thought he was selling to the witness Bottini "a label . . . bearing . . . the trade name of another" to be used by the witness "for the purpose of disposing" of an article "other than that which such . . . label . . . is connected with by the owner of such . . . trade name", such witness in reality was a pseudo, not an actual, bootlegger. The purpose of his possession of the labels acquired from defendant was not to dispose of any article but to entrap defendant; the use he contemplated for such labels was as evidence of some crime, not to fraudulently sell a spurious article falsely marked thereby. Since neither Bottini's possession nor contemplated use was for a purpose within the proscription of the statute, defendant cannot, in aiding him thereto, be said to have abetted a crime. (See secs. 31 and 659, Pen. Code.) As defendant's own possession of such labels, as well as any personal use therefor, was likewise innocuous to the statute he is not guilty as charged.