[Civ. No. 44944. Second Dist., Div. Three. June 30, 1975.]

ROBERT JOSE ROSS, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

COUNSEL

Richard S. Buckley, Public Defender, Harold E. Shabo, Alfred Pine and Richard A. Curtis, Deputy Public Defenders, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Burt Pines, City Attorney, Ward G. McConnell and Gerry L. Ensley, Deputy City Attorneys, for Real Party in Interest and Respondent.

OPINION

COBEY, Acting P. J.—Petitioner, Robert Jose Ross, appeals from an order of the superior court denying his petition for either a writ of mandate or a writ of prohibition. The appeal lies. (See Code Civ. Proc., §§ 1110, 1064, 904.1; *Mellinger* v. *Municipal Court,* 265 Cal.App.2d 843, 845 [71 Cal.Rptr. 535].)

Petitioner seeks by this special proceeding to restrain further prosecution of the complaint against him in respondent court, following that court's overruling of his demurrer to the complaint.[1] It is alleged in the complaint, on information and belief, that petitioner on or about January 11, 1974, at and in the City of Los Angeles, committed a misdemeanor, namely, a violation of Health and Safety Code section 11550, in that he did then and there willfully and unlawfully use and be under the influence of a controlled substance as defined in chapter 2 of the California Uniform Controlled Substances Act.[2]

Petitioner contends that since the foregoing allegations of the complaint do not specify the controlled substance of which he was accused of having used and being under its influence, and since there exist at least 108 such substances within the scope of section 11550, he was not accorded statutorily or constitutionally adequate notice of the crime with which he was charged.

Penal Code section 952 provides, among other things, that the statement of the offense charged in the accusatory pleading "may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused."

Health and Safety Code section 11550 provides that "[n]o person shall use, or be under the influence of any controlled substance" as defined in various specified portions of the California Uniform Controlled Substances Act. Thus the wording of the complaint with respect to the offense charged approximates the wording of the statute except that the statute refers expressly to various specified portions of the act.

The People of the State of California, the real party in interest herein, contend that they gave petitioner in the complaint they filed against him adequate notice of the crime with which he was charged and that, in any event, the superior court did not abuse its discretion in denying petitioner the extraordinary remedies he sought. In this latter connection

---

[1] Petitioner's demurrer to the complaint was grounded expressly on Penal Code section 1004, subdivisions 2 and 4. He further alleged, among other things, that the complaint was vague, lacked sufficient specificity and for these reasons violated defendant's rights to constitutional due process. (See U.S. Const., Amend. XIV; Cal. Const., art. I, § 15.)

[2] The complaint contains the further allegation that the controlled substance was not administered by and under the direction of a person licensed by the State of California to prescribe and administer controlled substances.

they point out that neither a writ of mandate nor a writ of prohibition should issue where there is a plain, speedy and adequate remedy at law (Code Civ. Proc., §§ 1086, 1103), and that in petitioner's situation an appeal by him, following a judgment of conviction and a denied motion in arrest thereof, constitutes such a remedy. (See *People v. Burke,* 22 Cal.App.2d 280, 283 [70 P.2d 953].) They further suggest that the superior court had good cause to deny the petition on the basis that it contains no factual allegations whatsoever of *actual prejudice* to petitioner resulting from the failure of the People to identify in the complaint the controlled substance involved. They refer, we assume, to the absence of any allegation in the petition of ignorance by petitioner regarding the identity of the controlled substance involved in the crime charged, and they argue that absent such ignorance, the allegations of the complaint impart to petitioner sufficient information regarding the charge against him so that he may adequately prepare his defense thereto. Finally, the People argue that, in the interest of expedition of the judicial process, the use of prerogative writs to review rulings on pleadings should not be encouraged. (See *Babb v. Superior Court,* 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]; *Burrus v. Municipal Court,* 36 Cal.App.3d 233, 236-237 [111 Cal.Rptr. 539].)

This case represents a judicial confrontation between the Los Angeles County Public Defender and the Los Angeles City Attorney over, we presume, the latter's uniform practice of charging violations of Health and Safety Code section 11550 without identifying the controlled substance involved. For this reason we think that under the exceptions recognized in *Babb,* we should dispose of the issue on its merits instead of deciding the case adversely to petitioner on the basis of the general policy against pretrial review of pleading matters.

We suppose that the obvious reason why the People did not identify in the accusatory pleading the exact controlled substance involved is that they had no reasonably certain way of knowing what that substance was as they do have in possession and sale cases from chemical tests of the substance involved. An arresting officer may, from his trained observation of his arrestee and from other information available to him, have reasonable cause to believe that the arrestee's intoxication or other observed condition was not caused by consumption of an alcoholic substance, by illness, by lawful use of a controlled substance or by use of an uncontrolled substance. But we suspect that this process of causal elimination does not tell him always, or perhaps even frequently, *precisely* what controlled substance the arrestee has used. The indicia of

use, or intoxication resulting from such use, are too much the same for too many controlled substances.

Since we surmise this to be the situation, we hold that respondent court was correct in overruling petitioner's demurrer to the complaint. The complaint before us gave to petitioner fair notice of the crime of which he was accused. True, it did not tell him the means by which he committed the crime, but we would suppose, unless the accused happens to be a frequent user of several controlled substances, he would already have good reason to know the identity of the controlled substance involved.[3]

Nevertheless we are definitely of the view that, upon appropriate pretrial motion therefor, petitioner should be granted promptly discovery of all information bearing upon the possible identity of the controlled substance involved that the People possess. He is entitled to this information so that he may the more readily prepare his defense.[4]

The order is affirmed.

Allport, J., and Potter, J., concurred.

---

[3]We do not regard the decisions in *People* v. *Clenney,* 165 Cal.App.2d 241, 245, 253 [331 P.2d 696]; *People* v. *Pond,* 44 Cal.2d 665, 678 [284 P.2d 793], and *People* v. *Sianes,* 134 Cal.App. 355, 359 [25 P.2d 487], as requiring a contrary result. In those cases each defendant did not receive fair notice of the crime of which he was accused. *People* v. *Gelardi,* 77 Cal.App.2d 467, 471-472 [175 P.2d 855], overruled on another point in *People* v. *Perez,* 62 Cal.2d 769, 776, fn. 2 [44 Cal.Rptr. 326, 401 P.2d 934], is contra, but not only is the statement on this point dictum but also in that case, unlike this one, there was no practical necessity for the failure of the People to identify the controlled substance in the accusatory pleading.

[4]This information would serve the function of a bill of particulars. The denial of such a bill in a criminal case has been upheld in this state on the ground of lack of statutory authority therefor. (*People* v. *Alviso,* 55 Cal. 230, 232; *People* v. *Thorn,* 138 Cal.App. 714, 735 [33 P.2d 5].) But since such a bill represents a form of discovery as well as being a pleading, production of this information would no longer appear subject to such a limitation in California. (See *Pitchess* v. *Superior Court,* 11 Cal.3d 531, 535 [113 Cal.Rptr. 897, 522 P.2d 305].) In at least one other state a bill of particulars in the situation before us has long been required. (*State* v. *Campisi* (1957) 23 N.J. 513 [129 A.2d 880, 884].) Provision for such a bill is also expressly included in the Criminal Procedure Code currently proposed for this state by the staff of the Joint Legislative Committee for revision of the Penal Code. (See § 5008 thereof and comment thereto, p. 140.)