**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30245 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00059-JLQ-1 |
| v. | |
| RAFAEL RAMIREZ-MACIAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted August 25, 2014
Seattle, Washington

Before:  NOONAN, HAWKINS, and CHRISTEN, Circuit Judges.

Rafael Ramirez-Macias appeals from the district court's imposition of a 12-level enhancement to his sentence for illegally reentering the United States in violation of 8 U.S.C. § 1326.  We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.  Reviewing de novo the district court's interpretation of the Sentencing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Guidelines, *United States v. Gomez-Leon*, 545 F.3d 777, 782 (9th Cir. 2008), we affirm.

The parties agree that California Health & Safety Code § 11352(a) is comparatively overbroad and, thus, is not categorically a predicate offense for an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i). However, the parties disagree as to whether the controlled substance element of § 11352(a) is divisible under *Descamps v. United States*, 133 S. Ct. 2276 (2013). Ramirez-Macias's contention that the element is indivisible is foreclosed by *Coronado v. Holder*, 747 F.3d 662 (9th Cir. 2014), *amended by* – F.3d –, 2014 WL 3537027 (9th Cir. July 18, 2014). *Coronado* squarely holds that the similarly-structured controlled substance element of California Health & Safety Code § 11377(a) is divisible. *Coronado*, – F.3d –, –, 2014 WL 3537027 at *4–5. There is no material legal distinction between the controlled substance elements of § 11352(a) and § 11377(a). Because both statutes define "controlled substance" by incorporating by reference several lists of controlled substances contained elsewhere in California law, the controlled substance element of § 11352(a), like its analogue in § 11377(a), is divisible.

When a sentencing court analyzes an earlier conviction obtained under a statute containing an overbroad, divisible element, that court may employ the modified categorical approach to "compare the elements of the crime of conviction (including

2

the alternative element used in the case) with the elements of the generic crime." *Descamps*, 133 S. Ct. at 2281. We permit "reliance on an abstract of judgment in combination with a charging document to establish that the defendant pled guilty to a generic crime under the modified categorical approach." *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2010). *See generally Shepard v. United States*, 544 U.S. 13, 26 (2005) (listing the types and categories of documents available to courts applying the modified categorical approach).

Here, the abstract of conviction clearly identifies the alternative controlled substance element as cocaine. The abstract also specifies that Ramirez-Macias pled guilty to count two of the complaint, which, in turn, lists cocaine as the drug satisfying the controlled substance element. Looking to this "combination" of the documents of conviction, *Ramirez-Villalpando v. Holder*, 645 F.3d at 1040, the district court properly determined that Ramirez-Macias's § 11352(a) conviction is a predicate offense for an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(I).[1]

**AFFIRMED.**

---

[1]Any reliance the district court may have placed on the police report included in the record was permissible. *Parrilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir. 2005) (approving reliance on a police report where, as here, the defendant specifically approved the incorporation of the police report into a *Shepard*-compliant document).

**_USA v RAMIREZ-MACIAS 13-30245_**

HAWKINS, Senior Circuit Judge, concurring:

We apply _Coronado v. Holder_, 747 F.3d 662 (9th Cir. 2014), _amended by_ –

F.3d –, 2014 WL 3537027 (9th Cir. July 18, 2014), as we must, but I have doubts

whether that decision is correct. Here's why:

Citing California state cases, _Coronado_ holds that "the precise controlled

substance possessed is not an essential element" of statutes such as California Health

& Safety Code §§ 11352 and 11377. – F.3d –, 2014 WL 3537027 at *5 n.4. Put

another way, _Coronado_ states that jury unanimity as to the specific identity of a

controlled substance is not necessary to obtain a conviction under this type of statute.

But is California law so clear as to whether unanimous jury agreement on the

specific substance is necessary to convict? Both sides reasonably can marshal

intermediate appellate case law in their favor. _Compare Ross v. Municipal Court of_

_L.A._, 49 Cal. App. 3d 575 (Cal. Ct. App. 1975) (affirming a trial court's denial of a

motion to dismiss a complaint which failed to name the specific controlled substance

allegedly used because the complaint merely "did not tell Ross the _means_ by which

he committed the crime") _and People v. Romero_, 64 Cal. Rptr. 4th 147, 156 (Cal. Ct.

App. 1997) (pleading requirement that a specific controlled substance be named "does

not transmute the offense of possession of a controlled substance into as many

different offenses as there are controlled substances") _with People v. Gerber_, 126 Cal.

Rptr. 3d 688, 704 (Cal. Ct. App. 2011) (referring to the "the controlled substance element" of a comparable statute). It does not appear the Supreme Court of California has yet said much on this subject.

The issue of jury unanimity is critically important because, as we have recently said, "[a]ny statutory phrase that—explicitly or implicitly—refers to multiple, alternative means of commission must still be regarded as indivisible if the jurors need not agree on which method of committing the offense the defendant used." *Rendon v. Holder*, – F.3d –, –, 2014 WL 4115930, at *4 (9th Cir. Aug. 22, 2014). If it is true that to convict under § 11377 a California jury need not come to unanimous agreement as to the identity of the specific substance a defendant possessed, then that statute may not be divisible under *Rendon*.[1] *See also Descamps v. United States*, 133 S. Ct. 2276, 2288-89 (2013) (grounding holding in Sixth Amendment concerns).

I write separately not to state unequivocally that *Coronado* is wrong. It may well be that a jury *does* need to say unanimously "marijuana" or "cocaine" to convict under this type of California drug law. But I recognize the opposite could also be true; it seems the proposition is fairly open to debate. Moreover, much rides on the

---

[1] *Rendon* cites *Coronado* approvingly. *Id.* at *5 n.11. However, *Rendon* seems to approve *Coronado*'s mode of analysis, i.e., its decision to look to California law to answer the jury unanimity question. *Rendon* seems to accept *Coronado*'s analysis of California law at face value; it is that analysis that I question.

answer to this question. Whether in the sentencing or immigration context, we frequently pass on collateral challenges as to the nature of California state drug convictions. Our resolution of these challenges determines whether and for how long people are incarcerated and whether lawful permanent residents of the United States with drug convictions may remain here or must be removed to their home counties. Because the magnitude of this issue is great and because we should tread carefully as we interpret unclear areas of state law, the en banc court may wish to consider these issues or certify the jury unanimity question to the Supreme Court of California.