HAWKINS, Senior Circuit Judge,
concurring:
We apply Coronado v. Holder, 747 F.3d 662 (9th Cir.2014), amended by 759 F.3d 977 (9th Cir.2014), as we must, but I have doubts whether that decision is correct. Here’s why:
Citing California state eases, Coronado holds that “the precise controlled substance possessed is not an essential element” of statutes such as California Health & Safety Code §§ 11352 and 11377. 759 *820 F.3d at 985 n. 4. Put another way, Coronado states that jury unanimity as to the specific identity of a controlled substance is not necessary to obtain a conviction under this type of statute.
But is California law so clear as to whether unanimous jury agreement on the specific substance is necessary to convict? Both sides reasonably can marshal intermediate appellate case law in their favor. Compare Ross v. Municipal Court of L.A., 49 Cal.App.3d 575, 122 Cal.Rptr. 807 (1975) (affirming a trial court’s denial of a motion to dismiss a complaint which failed to name the specific controlled substance allegedly used because the complaint merely “did not tell Ross the means by which he committed the crime”) and People v. Romero, 55 Cal.App.4th 147, 156, 64 Cal.Rptr.2d 16 (1997) (pleading requirement that a specific controlled substance be named “does not transmute the offense of possession of a controlled substance into as many different offenses as there are controlled substances”) with People v. Gerber, 196 Cal.App.4th 368, 126 Cal.Rptr.3d 688, 704 (2011) (referring to the “the controlled substance element” of a comparable statute). It does not appear the Supreme Court of California has yet said much on this subject.
The issue of jury unanimity is critically important because, as we have recently said, “[a]ny statutory phrase that — explicitly or implicitly — refers to multiple, alternative means of commission must still be regarded as indivisible if the jurors need not agree on which method of committing the offense the defendant used.” Rendon v. Holder, 764 F.3d 1077, 1085 (9th Cir.2014). If it is true that to convict under § 11377 a California jury need not come to unanimous agreement as to the identity of the specific substance a defendant possessed, then that statute may not be divisible under Rendon,[1] See also Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 2288-89, 186 L.Ed.2d 438 (2013) (grounding holding in Sixth Amendment concerns).
I write separately not to state unequivocally that Coronado is wrong. It may well be that a jury does need to say unanimously “marijuana” or “cocaine” to convict under this type of California drug law. But I recognize the opposite could also be true; it seems the proposition is fairly open to debate. Moreover, much rides on the answer to this question. 'Whether in the sentencing or immigration context, we frequently pass on collateral challenges as to the nature of California state drug convictions. Our resolution of these challenges determines whether and for how long people are incarcerated and whether lawful permanent residents of the United States with drug convictions may remain here or must be removed to their home counties. Because the magnitude of this issue is great and because we should tread carefully as we interpret unclear areas of state law, the en banc court may wish to consider these issues or certify the jury unanimity question to the- Supreme Court of California.

. Rendon cites Coronado approvingly. Id. at 1083 n. 11. However, Rendon seems to approve Coronado's mode of analysis, i.e., its decision to look to California law to answer the jury unanimity question. Rendon seems to accept Coronado's analysis of California law at face value; it is that analysis that I question.