[No. 15305.   Department One. — March 11, 1893.]

JOHN FOLEY, RESPONDENT, *v.* JAMES A. BULLARD, ADMINISTRATOR, ETC., ET AL., APPELLANTS.

STREET ASSESSMENT — FORECLOSURE — APPEAL — SERVICE OF NOTICE — ADVERSE PARTIES — CO-DEFENDANTS. — In an action to foreclose a street assessment upon certain realty of defendants, where judgment of foreclosure has been rendered in favor of the plaintiff, and some of the defendants have appealed therefrom, the non-appealing defendants are not adverse parties, within the meaning of the statute, upon whom the notice of appeal need be served. Their rights will not be adversely affected by the appeal, whether a reversal as to the appellants will be a reversal as to them, or will leave them *in statu quo.*

MOTION to dismiss an appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*George D. Collins,* for Appellants.

*J. C. Bates,* for Respondent.

GAROUTTE, J. — Foley recovered a judgment foreclosing a street assessment upon certain realty of defendants. Some of the defendants appealed from the

judgment, but did not serve notice of appeal upon their co-defendants. Respondent now moves to dismiss the appeal for that reason.

The motion should be denied. The non-appealing defendants are not adverse parties within the meaning of the statute. Their rights will not be adversely affected by a reversal of the judgment. Under the authority of *Robinson* v. *Merrill,* 87 Cal. 11, it may be that the practical effect of a reversal of a judgment in this case will be a reversal as to all the defendants; if such is the result, then these co-defendants certainly are not adverse parties.

If a judgment of reversal leaves them *in statu quo,* then this appeal does not affect their rights, and they are not entitled to notice. If a judgment of reversal as to defendant appellants has not the practical effect of a reversal as to all the defendants, then these defendants not appealing are left *in statu quo* by such reversal. In this character of action, there is no personal liability, but the realty alone must be looked to for the satisfaction of the judgment. For these reasons, so far as the subject-matter of this litigation is concerned, it is of no interest to the defendants not appealing what may be the final result of the pending appeal. In *Millikin* v. *Houghton,* 75 Cal. 539, plaintiff appealed from the order setting aside an execution issued against all the defendants, and it is very apparent that all the defendants had an interest in sustaining the order, and therefore should have been served with notice of the appeal.

Let the motion to dismiss be denied.

PATERSON, J., and HARRISON, J., concurred.