[Civ. No. 167.   First Appellate District.—February 24, 1906.]

# E. WORTH, Appellant, v. ESTHER B. EMERSON, Defendant; JOHN H. GRADY, Respondent.

FORECLOSURE OF STREET ASSESSMENT—SUCCESSION TO DEFENDANT PENDING SUIT—VACATION OF JUDGMENT—IMPROPER ORDER.—Where a judgment foreclosing a street assessment against a defaulting defendant was rendered upon evidence for plaintiff, and after due deliberation, and was not void upon its face, however erroneous it may be, an order vacating the judgment, made upon the judgment-roll, and upon an affidavit showing a succession to the rights of the defaulting defendant pending suit, and upon a notice of motion to vacate it for want of authority to render it against the defaulting defendant, after it had been dismissed as to fictitious defendants, but specifying no ground or claim that the judgment was rendered by reason of any mistake or inadvertence, or was entered by misprision of the clerk, was improperly made, and must be reversed upon appeal therefrom.

ID.—REMEDY FOR JUDICIAL ERROR—SHOWING UPON RECORD.—If any error was committed in rendering the judgment, it was a judicial error which could be corrected only upon an appeal, or through a motion for a new trial; and any error committed by the court upon the trial or in rendering the judgment, in order to be available for the purpose of vacating or setting the judgment aside, must be manifested by a bill of exceptions made part of the record. Its validity cannot be impeached by affidavits outside the record.

ID.—DISMISSAL AS TO FICTITIOUS DEFENDANTS—AVAILABILITY OF ERROR AS TO DEFAULTING DEFENDANT.—Any error of the court in rendering judgment as to a defaulting defendant, after dismissal of the action as to defendants jointly sued with her by fictitious names, was only against the defaulting defendant, and is available only to her, and not to any stranger to the action, or one not a party thereto, nor to either of the defendants dismissed. Upon dismissal as to them, their rights in the land were unaffected by the judgment, as if the action had been originally brought against the defaulting defendant alone.

ID.—WAIVER OF ERROR—FAILURE TO APPEAL.—It was competent for the defaulting defendant to waive the error by failure to appeal from the judgment, and by submitting to a sale of her interest in the land in satisfaction of the lien.

ID.—MOVING PARTY NOT SUED—IMPROPER ANSWER.—When the complaint alleged that the defendants sued by fictitious names were,

on the day the assessment became a lien, and still continue to be, owners of the lot, an answer by a successor of the defaulting defendant, as of one sued by a fictitious name, showing that the deed to him was made one day prior to the filing of the answer, was improper and unauthorized. He was not one of the defendants to the action nor entitled to be made a defendant thereto; and the action was properly dismissed as to him.

ID.—APPEAL—NOTICE—DEFAULTING DEFENDANT NOT SERVED—DISMISSAL.—An appeal by plaintiff from the order vacating the judgment foreclosing the street assessment against the defaulting defendant, on an improper motion by a successor of such defendant pending suit, will not be dismissed on the ground that the defaulting defendant, who has not complained of the judgment, was not served with the notice of such appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco, vacating a judgment. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Ralph L. Hathorn, and Brooks Palmer, for Appellant.

J. C. Bates, for Respondent.

HARRISON, P. J.—Action to enforce the lien of a street assessment. Appeal from an order setting aside a judgment previously rendered in favor of plaintiff.

The action was commenced November 4, 1898, against Esther B. Emerson, John Doe, Robert Doe, and Jane Doe; the plaintiff alleging in his complaint that "the defendants on November 5, 1896 (the day the assessment became a lien) were, and still continue to be, the owners" of the lot of land described in the complaint, and that the said defendants John Doe, Robert Doe, and Jane Doe are sued by fictitious names because their true names are unknown to plaintiff. Summons was served upon the defendant Emerson, and her default for want of an appearance was entered October 19, 1901. No service was made on either of the other defendants. February 17, 1904, an answer to the complaint was filed by John H. Grady, stating that he is "sued herein as John Doe, one of the defendants in the above-entitled action." After this answer was filed, but on the same day, the court, on motion of the plaintiff, dismissed the action "as to the defendants therein sued by

the fictitious names of John Doe, Robert Doe and Jane Doe, and John H. Grady, appearing herein as John Doe,'' and after hearing the evidence on the part of the plaintiff entered its judgment, declaring the amount of the assessment to be a lien upon the land described in the complaint, and directing a sale of the land in satisfaction thereof. February 25th, Grady gave notice of a motion to vacate and set aside the judgment, and in support thereof filed an affidavit, in which he stated that he had succeeded to the right, title, and interest of the defendant Emerson in said lot of land, and her right to redeem the same from a sale to the state of California by a deed from her bearing date February 13, 1904, and had thereafter paid certain money for the purpose of redeeming the land from a sale thereof made to the state of California for delinquent taxes. The motion came on for hearing March 18th, and on May 27th was granted by the court. The only evidence presented in support of the motion was the judgment-roll in the action and the above affidavit and notice of motion. From the order thus made the present appeal has been taken.

The order appealed from was not made upon the ground or claim that the judgment was rendered by reason of any mistake or inadvertence, or that there was any misprision of the clerk in entering it. The judgment was not void upon its face, and it appears from the judgment-roll itself that it was rendered upon the motion of the plaintiff, and after the court had heard the evidence offered on his behalf, and after due deliberation thereon. If any error was committed therein, it was a judicial error, which could be corrected only upon an appeal, or through a motion for a new trial. (*Egan* v. *Egan*, 90 Cal. 15, [27 Pac. 22] ; *First Nat. Bank of Fresno* v. *Dusy*, 110 Cal. 69, [42 Pac. 476].) And any error committed by the court upon the trial, or in the rendition of the judgment, in order to be available for the purpose of vacating or setting the judgment aside, must be manifested by a bill of exceptions and made a part of the record. The validity of a judgment cannot be impeached by affidavits outside of the record.

The grounds upon which Grady asked that the judgment be set aside were that the court had no power or authority, in a street assessment case, to dismiss the action as to a portion of the defendants alleged to be the owners of the land, and *render judgment against only one of the owners sued; and*

that, as he was sued as John Doe, a fictitious defendant, and had filed an answer alleging that he is the owner of the land, the court had no power, authority, or jurisdiction to dismiss the action as to him, sued as John Doe, and render judgment against the defendant Emerson. To say that, in an action or proceeding which is within its jurisdiction, a court has no power or authority to make a certain order, or render a certain judgment therein, is merely to say that the court has no jurisdiction to commit error, which is equivalent to saying that it is erroneous to commit error. It may be conceded that the court erred in rendering judgment against the defendant Emerson after dismissing the action against the other defendants (*Clark* v. *Porter,* 53 Cal. 409); but such error was available to Mrs. Emerson alone, and not to a stranger to the action, or one not a party thereto. The judgment so rendered was voidable therefor at her instance, but was not void. (*Chase* v. *Christiansen,* 41 Cal. 253.) It was competent for her to waive the error as she has done by not appealing from the judgment, and submit to a sale of her interest in the land in satisfaction of the lien. Such error, however, is not available to either of the defendants so dismissed from the action. Upon a dismissal as to them, their rights in the land were as unaffected by the judgment as if the action had been originally brought against Mrs. Emerson alone. (*Page* v. *W. W. Chase Co.,* 145 Cal. 578, [79 Pac. 278].)

Grady is not named in the complaint, nor was he served with any process in the action. His claim in his answer that he is "one of the defendants in the action, sued herein as John Doe," is refuted by the affidavit which he presented in support of his motion. The John Doe who is named in the complaint as a defendant in the action is designated therein as a person who was one of the owners of the land at the date of the assessment, and thence continuously until the commencement of the action; whereas Grady, in his affidavit, claims to have acquired his interest in the land on February 13, 1904, the day before he filed his answer, and does not claim to have had any interest therein prior thereto; and the only interest which he claims to have then acquired was derived from the defendant Emerson, whose default in the action had been previously entered. He does not claim to have been

at any time a co-owner with Emerson, and therefore was not one of the defendants in the action or entitled to be made a defendant therein; and his filing an answer to the complaint was unauthorized.

The proposition on the part of the respondent that the appeal should be dismissed for want of a service of the notice of appeal on Mrs. Emerson is overruled, upon the authority of *Foley* v. *Bullard*, 97 Cal. 517, [32 Pac. 574].

The order appealed from is reversed.

Hall, J., and Cooper, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 4, 1906.