[Crim. No. 1761. Second Appellate District, Division Two.—February 7, 1929.]

THE PEOPLE, Respondent, v. JAMES LANNAGAN, Defendant; JAMES MONROE, Appellant.

Stanley Visel for Appellant.

U. S. Webb, Attorney-General, and John D. Richer for Respondent.

THOMPSON (IRA F.), J.—Two informations were filed by the district attorney of Los Angeles County, charging the defendants in three counts with burglary and in five other counts with robbery. They were tried by a jury and found guilty. The appellant prosecutes this appeal from the judgment and an order denying his motion for a new trial. But one ground is advanced as a reason for reversal. The counts which charge the defendants with burglary allege in each instance that the entry was made "with the intent then and there to commit the crime of larceny." The appellant says that "since the crime of burglary may be committed in five distinct ways it cannot be ascertained from the burglary counts which one of these distinct ways was meant." He also relies upon the case of *People* v. *Myers** (Cal. App.), 269 Pac. 693, as an authority for his position. It is to be noted, however, that in the Myers case the language employed was "with intent then and there to commit the crime of theft." The ruling in that case was based upon the fact that theft may be committed in five different ways and had nothing to do with the definition of larceny other than to point out that larceny had been re-named by statute, and made one of the kinds of theft. When such general language is employed that the information fails to state the nature of the offense charged it is obvious that it fails to meet the requirements of good pleading or of the provisions of section 952 of the Penal Code, which section

---

*REPORTER'S NOTE.—A hearing was granted by the supreme court in the case of *People* v. *Myers* on October 22, 1928. The opinion of the supreme court rendered on February 14, 1929, is reported in 206 Cal. 480, [275 Pac. 219].

necessitates that, while the information may be in the words of the enactment or any other words, it should be "sufficient to give the accused notice of the offense of which he is charged." We think that the word larceny has been so long employed in the law for the purpose of designating a particular offense, and has come to have such a well understood meaning that its use in these informations could not have failed to advise the accused of the nature of the offense with which he was charged. In this respect we are fully in accord with the case of *People* v. *Giron*, 94 Cal. App. 53 [270 Pac. 462], and find therein nothing inconsistent with *People* v. *Myers*,* *supra.* (See Reporter's Note, p. 670.)

Judgment and order affirmed.

Works, P. J., and Craig, J., concurred.