[Crim. No. 2069. Second Appellate District, Division Two.—June 22, 1931.]

THE PEOPLE, Respondent, v. JAMES HOWARD, Appellant.

Marshall A. Stutsman for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

CRAIG, Acting P. J.—By information filed in the county of Los Angeles the appellant was charged with having committed eight different burglaries. Upon a trial before the court, without a jury, he was found guilty of six of the offenses so charged, and appealed from an order denying a motion for a new trial and from the judgments.

■ Certain personal property of various persons was found in Howard's possession, and upon his arrest he conducted officers to their residences, which he indicated, admitting that he had burglariously entered them. Five of the victims testified that they had returned home after a short absence, and had missed the articles thereafter recovered from the defendant. In the sixth instance, charged in the first count of the information, he was seen about a private residence, peering in at the windows, trying a screen door at the rear, and when arrested he was in the house. Replying to inquiries of the officer, he stated that his name was "Jack White"; "You have got me; you know what I am doing here." At another time, while confessing his burglaries, Howard referred to that occasion as follows: "You know about the case where they caught me at east 46th street. There is no use telling you about that."

The sufficiency of this evidence is questioned by appellant. Section 459 of the Penal Code recites that "Every person who enters any house . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." It is inferred from argument in the briefs that notwithstanding the entry of houses from which property in the possession of appellant was known to have been stolen, the evidence as to his intent in entering the residence last mentioned when caught before committing a crime, was insufficient to sustain a conviction upon the charge of burglary. The officers testified that appellant gave a fictitious name, stating that he was visiting when apprehended at the home of absent owners, and that he admitted, in effect, that he had robbed the other houses which he pointed out. It was shown that he did not know the occupants, nor have permission to enter their domicile. The only evidence offered by the defendant corroborated that of the officers who searched his premises and found the stolen property of others and no fact established by the People was denied. From these

facts and circumstances it lay with the trial court to determine the intent with which it believed the defendant to have entered the house mentioned in the first count without the knowledge or consent of the owner. That he was not visiting them was obvious, and no other explanation was offered. There is some controversy as to whether the house was on Forty-fifth Street or Forty-sixth Street but this likewise, remained for the determination of the trial judge from all of the evidence. (*People* v. *Espalian*, 92 Cal. App. 710 [268 Pac. 702].) From the evidence before the court in this case, the unlawful entry having been shown, its conclusion that he then and there had an intent to commit larceny was a rational and necessary one. (*People* v. *Diamond*, 57 Cal. App. 162 [206 Pac. 1010].)

The judgments are affirmed.

Thompson (Ira F.), J., and Archbald, J., *pro tem.*, concurred.