[Crim. No. 1802.   First Appellate District, Division Two.—June 25, 1934.]

THE PEOPLE, Respondent, v. JOE RUSSELL, Appellant.

Joe Russell, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—On October 17, 1932, the appellant was sentenced to the state penitentiary at Folsom following a conviction on two separate violations of section 288 of the Penal Code and a finding of two prior convictions of felony in a foreign state. On his appeal the judgment and the order denying him a new trial were affirmed. (*People* v. *Russell,* 131 Cal. App. 646 [21 Pac. (2d) 959].)

On February 19, 1934, the appellant filed a motion to vacate the judgment on three grounds—that he was not given an opportunity to secure counsel, that he was not confronted with the witnesses regarding his prior convictions, and that the judgment does not affirmatively declare that he served the terms imposed by these prior convictions. The second point was the only one urged on the former appeal and this was determined against appellant. The third point is one which might arise when the prison board fixes appellant's term of imprisonment under section 1168 of the Penal Code. Here the judgment was in harmony with section 1202a of that code in directing the appellant to be taken to the state prison at Folsom.

The third ground assigned in the motion to vacate is plainly frivolous. It was based upon asserted errors occurring during the trial and particularly that, having become dissatisfied with his counsel, the defendant moved in open court to be relieved of counsel and to be permitted to conduct his own defense; that his motion was granted and that he thereupon requested and was granted leave to amend his answer and to plead "not guilty by reason of insanity"; that, because of this plea, the trial court should have assumed that he was incompetent and should have refused to permit him to conduct his own defense. The obvious answer to the point is that the plea merely raised the question of insanity at the time the offenses were committed; there was no claim of present insanity.

■ But, in addition, the trial court was without jurisdiction to grant the motion because the grounds assigned were all matters which could have been raised on the appeal from the judgment. It is only when a judgment is void on its face (or for reasons specified in section 473 of the Code of Civil Procedure) that a motion can be entertained to set it aside after the time for new trial and appeal has passed. (*People* v. *Davis,* 143 Cal. 673, 675 [77 Pac. 651] ; *In re Sackett,* 53 Cal. App. 592, 597 [200 Pac. 742] ; *Worth* v. *Emerson,* 3 Cal. App. 158, 160 [85 Pac. 664] ; 14 Cal. Jur., p. 1022.)

■ The motion was presented in written form, accompanied by a written argument. At the time these papers were filed the appellant made a written request that he be released from the state penitentiary at Folsom for the purpose of appearing in court to urge the motion. The trial court did not grant this request and the appellant now argues that his constitutional right to appear and defend in person was denied him.

Assuming that the point is one which can be raised on this appeal, we are satisfied that it is without merit. Section 13 of article I of the Constitution gives a defendant the right to appear and defend in person and with counsel ''in criminal prosecutions''. This right to be present throughout a criminal trial has been recognized both at common law and by statute and the decisions relating to that right are in practical harmony. In general the rulings are that it is essential to a valid trial that he should be present, not only when arraigned, ''but at every subsequent stage of the trial''. (16 C. J., p. 813; 12 Cyc., p. 523.) There is some conflict in the decisions as to the necessity of defendant's presence on preliminary motions and motions for new trial or in arrest of judgment. (16 C. J., p. 816.) But we have found no conflict in the holdings that his presence is not necessary after entry of judgment at the hearing of an appeal or other review of the judgment. (12 Cyc., p. 526; 8 R. C. L., p. 91; *Schwab* v. *Berggren,* 143 U. S. 442, 448 [12 Sup. Ct. 525, 36 L. Ed. 218] ; *Dowdell* v. *United States,* 221 U. S. 325, 331 [31 Sup. Ct. 590, 55 L. Ed. 753] ; *Hogan* v. *State,* 42 Okl. Cr. 188 [275 Pac. 355, 357].)

The reason for the ruling requiring defendant's presence is stated in *Southerland* v. *State,* 176 Ind. 493 [96 N. E.

583], to be, first, to enable the prosecution to identify him, and to punish him in case of conviction; and second, to secure him full facilities for defending himself as he is advised in the progress of the trial of the evidence against him. On the other hand, as said in *Schwab* v. *Berggren, supra*, page 449, "neither reason nor public policy require that he shall be personally present pending proceedings in an appellate court whose only function is to determine whether, in the transcript submitted to them, there appears any error of law to the prejudice of the accused. . . . "

On this motion to set aside the judgment the only question before the court was whether, on the face of the record, errors at law appeared to the prejudice of the accused that would render the judgment void on its face. So far as the question presented here is concerned there is no substantial difference between such a motion and an appeal or other review of the judgment in an appellate court. As there is no constitutional nor statutory right of a defendant to demand his presence at a proceeding brought to review or set aside a judgment the failure of the trial court to order his presence on the hearing of this motion was not error.

The order is affirmed.

Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1934.