[Crim. No. 2738.   Second Appellate District, Division Two.—May 31, 1935.]

THE PEOPLE, Respondent, v. JAMES HOWARD, Appellant.

284

James Howard, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondents.

FRICKE, J., *pro tem.*—On March 5, 1935, appellant, serving a sentence in the state prison following his conviction herein in March, 1931, of six charges of burglary following a prior conviction of a felony, sent to the Superior Court for Los Angeles County, in which he was last convicted, notices of motion and written motions to set aside the judgment, to correct the minutes of the court and for a writ of attachment to secure appellant's presence at the hearing of the motions, which were noticed for hearing on March 19, 1935. Accompanying such motions were notices of appeal, statements of grounds of appeal and demands for a phonographic reporter's transcript of the proceedings on such motions, with the dates left blank and including the statement: "This written notice and grounds of appeal is not to be dated and filed in the county clerk's office, county of Los Angeles, State of California, until the date the foregoing motion be denied." On March 19th the motions and application for writ of attachment were denied by the court and the judge thereof directed the clerk to fill out the notices of appeal and ordered the necessary transcripts on appeal.

■ Since the notices of appeal from the order denying the motions were, on order of the trial judge, filled out and filed, it cannot be said, as claimed by respondent, that an appeal was not taken within the time prescribed by law. It is true, as stated in *Frey* v. *Superior Court,* 5 Cal. App. (2d) 534 [43 Pac. (2d) 342], that the clerk of the court was not required, under the duties of his office, to fill out and file the notices of appeal after the motions were denied; nor do we think that the court had any authority to order the clerk to perform such acts. But the fact remains that the notices of appeal and other papers necessary to effect an appeal were filled out and filed at the request of appellant, and this as effectually operated as the taking of an appeal as if the acts had been performed by appellant in person. There is, however, ample cause demanding a dismissal of the appeal.

It appears from the record that the judgment of conviction of appellant was affirmed in *People* v. *Howard,* 115 Cal. App. 140 [300 Pac. 987], and that about two years later appellant made a motion in the trial court for an order setting aside the judgment, appealed from the order denying this motion and this court affirmed the order, a rehearing was denied and an application by appellant to have the cause heard in the Supreme Court was likewise denied by that court (*People* v. *Howard,* 134 Cal. App. 441 [25 Pac. (2d) 498]).

■ While not necessary to this decision, we have examined the record and appellant's brief and find no merit in the contention, upon which his motions were based, that the information fails to charge a criminal offense and cannot support the judgment. The information, substantially in the language of section 459 of the Penal Code, charges the commission, in separate counts, of eight burglaries, each count alleging that the defendant wilfully entered a described building with intent to therein feloniously steal, take and carry away the goods and personal property of another. This sufficiently charged the crime of burglary. (*Frey* v. *Superior Court, supra; People* v. *Myers,* 206 Cal. 480 [275 Pac. 219]; *People* v. *Lannagan,* 96 Cal. App. 669 [274 Pac. 607]; Pen. Code, sec. 952.)

■ While the law provides for and recognizes various motions after verdict, each of such remedies may be availed of but once; and when the court has denied such a motion the right to make and the right of the same court to rule

upon such motion has been "exercised and exhausted". And this is true even where no appeal is taken from the ruling on the motion; and the fact that the second motion for the same relief is based upon other or additional grounds does not alter the rule. (*People* v. *Paysen,* 123 Cal. App. 396, 399 [11 Pac. (2d) 431], and cases cited.)

The case before us is practically identical with *People* v. *Van Buren,* 134 Cal. App. 206 [25 Pac. (2d) 32], in which on appeal the judgment of conviction was affirmed. Thereafter defendant moved the trial court to vacate the judgment, which motion was denied, and an appeal from the order denying the motion was dismissed by order of the District Court of Appeal, following which defendant presented to the trial court a second motion to vacate the judgment, and, that motion being denied, again took an appeal. The court there said: "Not only is it clear that on the original appeal from the judgment appellant might have presented for decision by this court the identical point which he now urges, but also (assuming but not deciding the propriety of his first motion to vacate said judgment) that he might have done so on his appeal from the order by which his motion to vacate the said judgment was denied." The court held that an appellate court will not entertain an appeal from an order made after judgment where the appeal from the judgment would present precisely the same question, the alleged error or defect being one appearing upon the face of the judgment roll. As there stated, the appellate court dismissed the appeal for the reason that to consider such an· appeal would have the effect of allowing the right to more than one appeal involving the same question of law in the same case. The same conclusion under similar facts, with the difference that there had been no prior motion to vacate the judgment, was reached in *People* v. *Bowles,* 135 Cal. App. 514 [27 Pac. (2d) 411].

In view of the fact, as stated in *Frey* v. *Superior Court, supra,* that a large number of motions to set aside judgments have been made in their cases by prisoners, it might be added that the trial court is without jurisdiction to grant a motion to set aside a judgment where the grounds assigned are all matters which could be raised on an appeal from the judgment; and it is only when a judgment is void on its face that a motion can be entertained to set it aside after

the time for a new trial and appeal has passed. (*People* v. *Russell,* 139 Cal. App. 417, 419 [34 Pac. (2d) 203].) ██ It should also be noted that the reference in the Russell case to section 473 of the Code of Civil Procedure is no longer applicable, it having since been held, in *Gonzales* v. *Superior Court,* 3 Cal. (2d) 260 [44 Pac. (2d) 320], that such section is not applicable to criminal cases.

Motion granted; appeal dismissed.

Crail, J., and Stephens, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 27, 1935.