[Crim. No. 1487.    Third Appellate District.—April 4, 1936.]

In the Matter of the Application of CLARENCE DAVIS for a Writ of Habeas Corpus.

Clarence Davis, *in pro. per.*, and A. M. Mull, Jr., for Petitioner.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

THOMPSON, J.—This is a petition for a writ of *habeas corpus*. The defendant was accused in two counts of an information which was filed in Stanislaus County June 13, 1932, with different acts of incest with the same person. He was also charged with a prior conviction of another felony. The first count charged the commission of incest on August 5, 1929. The second act was alleged to have occurred September 1, 1929. The defendant pleaded not guilty to the charges of incest, but admitted the former conviction of a felony. At the trial, which occurred July 7, 1932, by leave of court the information was amended under the provisions of section 1008 of the Penal Code to allege that the first act of incest occurred June 5, 1929, and that the second offense was committed June 15, 1929. The defendant was convicted on both counts of the amended information. No demurrer to the information was filed. No motion was made in arrest of judgment as author-

ized by section 1185 of the Penal Code. No objection was offered to the pronouncing of judgment. The defendant was sentenced to imprisonment in the state prison at Folsom for the term prescribed by law. The court directed that sentences on the two counts should run concurrently.

Since the first offense was alleged to have occurred June 5, 1929, and the information was not filed until June 13, 1932, the prosecution of that crime was barred by the provisions of section 800 of the Penal Code for the reason that more than three years elapsed from the time of that first offense before the information was filed. The conviction on the first count was therefore invalid. (*People* v. *McGee,* 1 Cal. (2d) 611 [36 Pac. (2d) 378].) In the case last cited it was determined that the statute of limitations is jurisdictional in criminal cases and that a crime may, therefore, not be prosecuted unless the indictment or information is actually filed within the time prescribed by statute. A contrary rule was declared in the case of *Ex parte Blake,* 155 Cal. 586 [102 Pac. 269, 18 Ann. Cas. 815], but that decision must be deemed to have been overruled by the McGee case. It follows that since the statute of limitations is jurisdictional, the insufficiency of the information which shows on its face that the cause is barred, will not be waived by failure to demur or move in arrest of judgment, but on the contrary the bar may be raised on *habeas corpus.* In harmony with the McGee case, it may be said that if the statute of limitations is tolled by the absence of the defendant from the state as provided by section 802 of the Penal Code it becomes necessary to allege that fact in the information to constitute a good cause of action.

The second count of the amended information charges the defendant with the commission of incest on June 15, 1929. The information was filed June 13, 1932, which was less than three years from the time when the second offense was alleged to have been committed. It may, therefore, not be said the second count was barred by the statute of limitations.

The petitioner relies on certain excerpts from the testimony of the prosecutrix wherein she says no act of sexual intercourse occurred between her and the defendant "later than the middle of June", 1929. This assertion is not in conflict with the allegations of the amended information. In support of the judgment, June 15th may be deemed to be "the middle" of the month. Moreover, the entire evidence of this witness is

not before this court. Five other witnesses were sworn and examined in behalf of the prosecution. Their evidence is not before us. We must therefore assume that the evidence abundantly shows that the acts of intercourse occurred at the very times and in the manner alleged in the amended information.

Moreover, it is not the province of the writ of *habeas corpus* to review the weight and sufficiency of the evidence. In 13 California Jurisprudence, page 218, section 4, it is said in that regard:

''If the lower court had jurisdiction of the person and the subject matter, mere error in the proceedings therein may not be inquired into in proceedings on *habeas corpus,* for it is not the purpose of the writ to subserve the functions of an appeal, or pass upon the weight and sufficiency of the evidence introduced in the lower court, or the credibility of the witnesses who testified therein.''

Finally, it is asserted both counts of the amended information are barred by the statute of limitations for the reason that more than three years elapsed from the dates of the alleged offenses before the information was amended and that the changes which were made July 7, 1932, with respect to the dates of the crimes, constituted new and different offenses from those which were originally charged. It is claimed the date of the amendments fixes the time of the actual commencement of the prosecution of these cases, for the changes which were made in the information amount to the presenting of a new information for different offenses. There is no merit in this contention.

The mere changing of the alleged dates of the crimes, under the circumstances of this case, does not have the effect of charging different offenses, nor does it amount to the filing of a new information. The information was merely amended by leave of the court under the provisions of section 1008 of the Penal Code to correct defects in the alleged dates of the particular offenses charged. The rights of the defendant were not prejudiced thereby. The information was not changed in any particular except as to the alleged dates of the offenses charged. These dates were changed on the face of the original information. Both counts in the original and amended information charged the defendant with similar acts of incest upon the same individual. The defendant was charged with successive acts of incest upon the same female. It is evident

that the mere change of the alleged dates of the particular offenses relied upon would add no burden or prejudice the defendant in the presentation of whatever defense he may have had. The amendments were made in open court at the beginning of the trial. The defendant did informally object to the amendment. No ground of objection is stated. He did not suggest that the amendments would prejudice him or affect his defense. He asked for no continuance on that account. He neither demurred to the information nor moved in arrest of judgment. In the case of *People* v. *Lachuk,* 5 Cal. App. (2d) 729 [43 Pac. (2d) 579], the defendant was similarly charged in four counts of an information with successive acts of incest and rape upon the same female. At the trial, by leave of court, two of these counts were amended by changing the alleged dates of the offenses exactly as was done in the present case. On appeal these amendments of the information were held to be valid, harmless and authorized by the provisions of section 1008 of the Penal Code. The Supreme Court denied a hearing in that case. The Appellate Court said:

"During the trial the court permitted the prosecution to amend the information by changing the date of one of each of the offenses of rape and incest from July 12, 1934, to June 20, 1934. No objection was made by defendant, nor did he raise any question whatever at the trial as to its propriety; nor did he suggest surprise or request a continuance to prepare to meet the new issue as to date. The amendment was authorized by section 1008 of the Penal Code and no prejudice to defendant is made to appear as a result of such change of date. (*People* v. *Anthony,* 20 Cal. App. 586 [129 Pac. 968]; *People* v. *Marshall,* 99 Cal. App. 224 [278 Pac. 258].)"

The preceding language of the Lachuk case applies to the present proceeding in every respect with the exception that this petitioner did informally object to the amendments of the information without assigning any reason therefor.

The amendment of an information in a criminal case by merely changing the alleged date of the offense charged, as was done in this case, like any other amended pleading, relates back to the date of the original filing of the information, and has the effect of tolling the running of the statute of limitations from the date of the filing of the original information. (*Davenport* v. *State,* 2 Okl. Cr. 253 [202 Pac. 18]; *Hickey*

v. *State*, 131 Tenn. 112 [174 S. W. 269] ; *Berkley* v. *Commonwealth*, 164 Ky. 191 [175 S. W. 364].)

The verdict of guilty of incest which was rendered on the second count of the information and the admission of the prior conviction of a felony are valid. The judgment which was pronounced against the defendant is not affected by the fact that the verdict on the first count was invalid for the sentences upon the two counts were directed to run concurrently. The defendant is therefore not illegally restrained of his liberty.

The writ of *habeas corpus* is denied.

Pullen, P. J., and Plummer, J., concurred.