[Crim. No. 1949.   First Appellate District, Division One.—August 12, 1937.]

THE PEOPLE, Respondent, v. JAMES FRED BURKE, Appellant.

James Fred Burke, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The defendant was charged by information containing four counts with having violated sections 475 and 480 of the Penal Code and with two prior convictions of felony. He admitted the prior convictions and was found guilty of the crimes charged in the first and second counts; whereupon, and on April 20, 1931, the trial court imposed sentence on each conviction and directed that the two sentences run consecutively. No appeal was taken, but in January, 1937, nearly six years after defendant had been committed to the state prison in execution of said sentences, he filed and presented a motion in the superior court to set aside the judgment of conviction and sentence on the first count. The

motion was denied and he has appealed from the order made in that behalf.

The motion was based upon the ground that the facts alleged in the first count were insufficient to constitute the crime declared by said section 475 of the Penal Code, or any other crime, and that therefore, as to the first count, the information on its face and all proceedings founded thereon, including the judgment of conviction and sentence, were and are a nullity.

The charging part of count one was as follows: "The District Attorney of the County of Contra Costa hereby accuses James Fred Burke and Helen Burke, his wife, of the crime of felony, to wit: Violation of Section 475 of the Penal Code of the state of California. First Count: In that on or about the 21st day of February A. D. 1931, in the County of Contra Costa, State of California, they, the said James Fred Burke and Helen Burke, his wife, did then and there unlawfully, wilfully and feloniously have and keep in their possession blank and unfinished bank bills made in the form of a bill for the payment of money to be issued by National City Bank of New York, a banking corporation, with the intention to fill up and complete such blank or to permit or cause, or procure the same to be filled up and completed in order to utter, or pass the same, or to permit, or to cause, or procure the same, to be uttered, or passed to defraud persons or banking corporations. . . . "

In so alleging the facts the district attorney followed substantially the language of said section 475 except that he omitted the word "made" as contained in said section, immediately preceding the phrase "to be issued", and defendant contends therefore that the absence of said word rendered the first count void. The argument advanced in support of the contention is that one of the elements of the offense declared by said section 475 is that the blank bills the accused is charged with having unlawfully possessed must be in the form of a "finished and completed" bill to be issued by a bank (citing *People* v. *Ah Sam,* 41 Cal. 645), and that the omission of the word "made" preceding the phrase "to be issued" had the effect of excluding such element.

Respondent takes issue with appellant as to the significance of the word "made" as employed in said code section, claiming that its presence therein does not give to said code section the meaning appellant is contending for. Assuming,

however, that it does, we would not be justified in holding that the absence of said word from the allegations of said count one had the effect, as appellant contends, of eliminating that particular element of the offense mentioned in the case of *People* v. *Ah Sam, supra,* because, as will be noted, in the count herein it was alleged that the bills defendant was charged with having unlawfully possessed were "in the form of" bank bills to be issued by a certain bank, which necessarily imports that they were a replication or facsimile of bank bills already in existence.

In any event, the defect complained of was not such as rendered the count void; and that being so, defendant's remedy was by way of appeal from the judgment after demurrer and motion for arrest of judgment; and having failed to exercise such remedy, he was precluded thereafter from making said defect the subject of a motion to set aside the judgment. (*People* v. *Russell,* 139 Cal. App. 417 [34 Pac. (2d) 203].) In this regard it may be stated generally that one of the chief purposes of an information is to apprise the accused with reasonable certainty of the nature of the accusation against him, to the end that he may prepare his defense accordingly. (*People* v. *McKenna,* 81 Cal. 158 [22 Pac. 488].) Where, therefore, there is an apparent attempt to charge a particular crime of which the court proceeding to try the case has jurisdiction, and the charge follows substantially the language of the statute, the information is not void even though the offense be defectively pleaded. In other words, the courts recognize that there is a marked distinction between an information inartificially drawn, where there is an attempt to plead facts, and one entirely wanting in essential facts (14 Cal. Jur., p. 88); and it is well settled that in the former class of cases the information is not void, that defendant's remedy is an appeal from the judgment after demurrer and motion to arrest the judgment; and that upon failure to invoke such remedy he is deemed to have waived the defects complained of. (14 Cal. Jur., pp. 87, 88.)

In the present case, as will be noted, the defendant was charged specifically with having violated section 475 of the Penal Code. The district attorney then proceeded in detail to allege the facts substantially in the language of said code section. Consequently the defendant was amply apprised not only of the code section, but also of the particular portion thereof he was charged with having violated. So far as the

record before us shows, he neither demurred to the information, nor moved to arrest the judgment; nor did he appeal from the judgment of conviction. Therefore, under the well-settled rules above referred to, he is deemed to have waived the defect of which he now complains.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.