[Crim. No. 1978.   First Appellate District, Division Two.—October 13, 1937.]

THE PEOPLE, Respondent, v. JAMES FRED BURKE, Appellant.

James Fred Burke, *in pro per.*, for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SPENCE, Acting P. J.—In 1931 defendant was convicted of violations of sections 475 and 480 of the Penal Code. Judgment of conviction was entered sentencing defendant on the two counts and the trial court ordered that the sentences run consecutively.   No appeal was taken, but in January, 1937, defendant made a motion in the trial court seeking to set aside the judgment of conviction and sentence on the first count.   The motion was denied and the order denying the same was affirmed on appeal.   (*People* v. *Burke*, 22 Cal.

App. (2d) 280 [70 Pac. (2d) 953].)   During the pendency of said appeal defendant made a second motion in the trial court seeking to set aside the judgment of conviction and sentence on the second count.   Said motion was likewise denied and defendant has appealed from the order denying his second motion.

It may be conceded, as contended by appellant, that where a judgment is void upon its face and its invalidity appears from an inspection of the judgment roll, such judgment may be set aside upon motion at any time, but it is only in such a case that the judgment may be attacked after the time for a new trial and appeal has passed.   (*People* v. *Howard,* 7 Cal. App. (2d) 283 [46 Pac. (2d) 268] ; *People* v. *Russell,* 139 Cal. App. 417 [34 Pac. (2d) 203] ; *People* v. *Burke, supra.*)   In the present case, the judgment itself is in all respects regular on its face and no invalidity appears from an inspection of the judgment roll.   The alleged defect in the information could have readily been cured in the event that appellant had demurred thereto.   He did not demur but entered a plea of not guilty to both counts.   Thereafter he did not move in arrest of judgment or for a new trial.   On the contrary, he stated through his counsel that there was no legal cause why judgment should not be pronounced against him and he took no appeal.   His motion to set aside the judgment, made six years after the entry thereof, was therefore properly denied.   (*People* v. *Burke, supra.*)

The order appealed from is affirmed.

Sturtevant, J., and Goodell, J., *pro tem.,* concurred.