[Crim. No. 2640.  First Dist., Div. Two.  May 1, 1950.]

THE PEOPLE, Respondent, v. WILLIS COOK, Appellant.

Ernest Spagnoli for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

NOURSE, P. J. — The defendant appeals from an order denying his motion to set aside a judgment convicting him following a trial by jury on an indictment charging the felony of embezzlement.  The judgment was entered on March 5,

1948, and no appeal was taken therefrom. On October 13, 1948, he moved to vacate the judgment, attacking the regularity of the selection of the grand jury which returned the indictment; attacking the sufficiency of the evidence as failing to show that the crime was committed within three years prior to the return of the indictment; asserting that he could not be prosecuted for embezzlement until he had been adjudged an embezzler in the probate proceedings in the estate from which he was charged with having taken the funds, and also urging that the instructions to the jury do not appear in the record on file. All these matters could have been urged on a motion for a new trial or on an appeal from the judgment.

A motion to vacate a judgment is no more than a petition for a writ of error *coram nobis*. (*People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657]; *People* v. *Martinez*, 88 Cal. App.2d 767 [199 P.2d 375]; *People* v. *Adamson*, 34 Cal.2d 320, 326 [210 P.2d 13].)

It does not lie "to correct an error of law, nor to redress an irregularity occurring at the trial that could be corrected on motion for new trial or by appeal." (*People* v. *Martinez, supra,* 771.)

Since the motion to vacate is a collateral attack on the judgment where the judgment is not void on its face or illegally entered but merely erroneous, an order denying a motion to vacate the same is not reviewable, particularly when the same points could have been raised on an appeal from the judgment. (*People* v. *Ramirez,* 139 Cal.App. 380, 383 [33 P.2d 848]; *People* v. *Russell,* 139 Cal. App. 417, 419 [34 P.2d 203]; *People* v. *Clark,* 24 Cal.App.2d 302, 308 [74 P.2d 1070]; *People* v. *Erickson,* 74 Cal.App.2d 339, 340 [168 P.2d 417]. For further authorities see *People* v. *Gilbert,* 25 Cal.2d 422, 444 [154 P.2d 657].)

Appellant argues that the prosecution was barred by the statute of limitations but concedes that this fact does not appear on the face of the record but would require proof of the date when the embezzlement was committed. He cites *People* v. *McGee,* 1 Cal.2d 611 [36 P.2d 378]; *In re Davis,* 13 Cal.App.2d 109, 111 [56 P.2d 302]; *In re McGee,* 29 Cal. App.2d 648 [85 P.2d 135]; and *In re Connolly,* 16 Cal. App. 2d 709 [61 P.2d 490], to the point that the statute of limitations is a jurisdictional defense. The first case cited was heard on an appeal from an order denying a motion to vacate the judgment. The Supreme Court held that the statute of

limitations was jurisdictional and that the point could be raised at any time when the indictment "shows on its face" that the prosecution is barred. The other three cases were in habeas corpus, which is the only remedy available under the circumstances shown here. (See *People* v. *Adamson,* 34 Cal. 2d 320, 327, and (concurring opinion) p. 339 [210 P.2d 13].)

We are not here concerned with what showing should or could be made in a proceeding in habeas corpus. The issues were all raised on appeal from a motion to vacate the judgment. Under the rule of the Adamson case, *supra,* which is contrary to the earlier case of *People* v. *McGee,* 1 Cal.2d 611 [36 P.2d 378], that is not a proper proceeding to raise questions of this kind.

■ Appellant also complains that while the motion was urged in the superior court by his attorney he was not permitted to leave the state penitentiary and appear personally to take part in the proceedings. This question has likewise been covered by numerous decisions. (*People* v. *Russell, supra,* 419; *People* v. *Martin,* 78 Cal.App.2d 340, 343 [177 P.2d 813].)

The order is affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 25, 1950.