[Crim. No. 4830.   Second Dist., Div. Two.   June 22, 1953.]

THE PEOPLE, Respondent, v. JAMES C. WARD, Appellant.

Thomas L. Griffith, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant seeks to vacate the judgment convicting him of the murder of one Nixon whose death resulted from the discharge of a gun in the hand of another. The sole basis for his demand is the asserted denial of his right to due process of law as provided by the Fourteenth Amendment to the federal Constitution and by the Constitution of California. (Art. I, § 13.)

An information was filed in two counts. Count I charged appellant and one Richardson with having murdered Nixon on February 23, 1951. Count II accused only Richardson of having committed robbery, but includes two prior felonies of defendant Ward.

Both men filed motions under section 995[1] of the Penal Code, after waiving reading of the information. Six days later both appeared while their counsel argued the motions. On May 1, 1951, appellant filed his demurrer of "improper joinder of causes," under section 954 of the Penal Code. On the same day the men appeared before Judge Cunningham and both pleaded "not guilty" and Richardson's motion for a separate trial was denied, and the joint trial set for June 4th. On that day, at the request of defendants, the cause was continued to June 7th but evidently before leaving the courtroom, appellant, with his counsel present, changed his mind, withdrew his plea and entered one of guilty to count I and admitted two prior convictions and two terms of penal servitude. While Ward and his counsel were before the court, it was "stipulated that the Court may consider the evidence introduced in the trial of the Co-defendant Armstead Richardson for the purpose of fixing the degree of the crime as to Defendant James C. Ward." On June 28th the court found appellant guilty of murder in the first degree and sentenced him to San Quentin for life.

Five months and 20 days after entry of judgment, appellant filed his notice of motion for an order annulling it on the grounds that (1) the court was without jurisdiction to render such judgment for the reason that he was jointly

---

[1]This section requires the dismissal of an information in the absence of certain formalities, or where the accused has been indicted or committed without probable cause.

charged with Richardson who was tried on a charge of robbery wholly unconnected with the murder charge; (2) the judgment violated sections 954[2] and 1098[3] of the Penal Code, the codefendant having been acquitted on the murder charge; (3) the trial and acquittal of Richardson was tantamount to having placed appellant in jeopardy (Pen. Code, § 1023)[4]; (4) such actions were void and deprived appellant of due process of law.

The motion to vacate the judgment filed by appellant is the equivalent of a petition for writ of error *coram nobis*. (*People* v. *Cook,* 97 Cal.App.2d 284, 285 [217 P.2d 498].) It does not, therefore, lie to correct an error of law or to redress an irregularity that may be corrected by means of appeal or on motion for a new trial. Neither of such conventional devices was invoked by appellant. Neither such motion nor a petition for writ of error *coram nobis* is available except where extrinsic fraud has deprived the petitioner of a trial on the merits. It can be used where no other remedy exists, to obtain relief from a judgment that was rendered ''while there existed some fact which would have prevented'' rendition of the judgment if the trial court had known it

---

[2]Section 954: An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated. The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged, and each offense of which the defendant is convicted must be stated in the verdict or the finding of the court; provided, that the court in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately or divided into two or more groups and each of said groups tried separately. An acquittal of one or more counts shall not be deemed an acquittal of any other count. [Am. Stats. 1951, ch. 1674, § 45.]

[3]Section 1098: When two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they must be tried jointly, unless the court order separate trials. In ordering separate trials, the court in its discretion may order a separate trial as to one or more defendants, and a joint trial as to the others, or may order any number of the defendants to be tried at one trial, and any number of the others at different trials, or may order a separate trial for each defendant.

[4]Section 1023: When the defendant is convicted or acquitted, or has been once placed in jeopardy upon an accusatory pleading, the conviction, acquittal, or jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that accusatory pleading.

and which through no fault of the petitioner was not then known to the court. (*People* v. *Adamson,* 34 Cal.2d 320, 326 [210 P.2d 13]; *People* v. *Ward,* 96 Cal.App.2d 629, 632 [216 P.2d 114]; *People* v. *Martinez,* 88 Cal.App.2d 767, 771 [199 P.2d 375].) It serves a limited purpose of correcting errors of fact not otherwise correctible, but is not to be invoked if another adequate remedy is available. (*Ibidem.*)

Resort to the motion to annul the judgment was, therefore, wholly unjustifiable. No showing is made now that the judgment would not have been entered if the court had possessed knowledge of the existence of a specified fact. That Richardson's acquittal of the murder charge would have warranted the annulment of appellant's conviction is not supportable on any legal principle. It is, of course, for appellant, an unhappy denouement, that, while he and his codefendant plotted the crime against Nixon, and Richardson fired the shot that snuffed out the life of their victim, the active agent of the murder goes free while appellant must languish in prison for life. But with a lawyer by his side, with a possible death sentence awaiting his conviction, it cannot be said that he acted unwisely in saving a few crumbs of existence rather than risk his life. He pleaded guilty to murder because he knew he stood by his co-assassin while the latter fired the gun, and his counsel must have laid before him the consequences of conviction after a contested trial.

Appellant contends that because he did not personally approve, and because the trial court did not ask him to verify the announced stipulation, the court lost jurisdiction to proceed. While brevity marks the record of the proceeding when the stipulation was made in open court, it is nonetheless valid. The stipulation encompassed no more than that the court might determine the depth of appellant's depravity from the proof adduced on the trial of Richardson. But at the same time the stipulation left to the court the duty of fixing the degree of his guilt after having heard the proof at Richardson's trial. Because the judge and the clerk are presumed to have performed their duties (Code Civ. Proc., § 1963, subd. 15) appellant is presumed to have heard and approved the stipulation made in his presence in open court.

His plea constitutes no less than a confession of every factor comprising the charge contained in the pleading. (*People* v. *Outcault,* 90 Cal.App.2d 25, 29 [202 P.2d 602].) Hearing evidence on a plea of guilty is encouraged by the humane doctrine that a full disclosure of the facts might

"temper the winds to the shorn lamb." It obviously produced the result hoped for. The life of appellant was spared.

The crime for which Richardson was tried and in which the evidence of appellant's offense was recorded was not a misdeed "wholly disconnected with appellant." It was, indeed, the identical crime to the commission of which appellant had pleaded guilty in open court.

Also, the plea of guilty was free of every vitiating influence. Appellant was not asked to plead guilty. No inducements were offered. Neither in the record nor in appellant's brief is there the slightest intimation of a fact that questions the guilt of the accused. On the contrary, he was free to choose his course; he was advised by capable counsel, shown every courtesy by the court and the prosecution. He moved in obedience to his own conclusion as to what would be best for himself. Having done so, having risked his chance of acquittal for a certain term in prison, he may not approach this court with the expectation that merciful hands will unlock the cell in which he voluntarily imprisoned himself. (See *People* v. *Gilbert,* 25 Cal.2d 422, 442 [154 P.2d 657].) The only disadvantage that could have resulted from the court's considering the evidence received on the trial of Richardson for the murder of Nixon was to send appellant to the gas chamber instead of the penitentiary and possibly ultimate freedom. Since the judgment gave appellant a life term in prison instead of death, it cannot be said that he suffered any detriment as a result of the stipulation. Since his chance for total exoneration was not bedimmed or impaired by the stipulation, there is no reason for vacating the judgment. (Const., art. VI, § 4½.)

Appellant artfully arrays the authorities defining "due process" to show that he was "entitled to a judicial trial"; that there should have been an impartial tribunal with jurisdiction; that a judgment obtained in violation of the Fourteenth Amendment is null and void. But there is no incident to prove that his rights in any respect were violated. He had counsel at every stage of his experience with the court. Having failed to prove he was cheated of his constitutional right by any kind of evidence (*People* v. *Dunlop,* 102 Cal.App.2d 314, 316 [227 P.2d 281]), his appeal is without support.

Appellant contends that because the Penal Code (§ 954) provides that an information "may charge two or

more different offenses *connected together in their commission,*" a reversible error was committed by reason of the fact that the crime of robbery by Richardson on February 21st was joined with the charge of murder by both defendants on February 23d. Both men demurred to the information for improper joinder. The order overruling that demurrer was not questioned by an appeal. Such joinder, if erroneous, does not invalidate the indictment as a whole. The valid charge of murder is not affected by the presence of the accusation of robbery (count II). (*People* v. *Bundte,* 87 Cal.App.2d 735, 746 [197 P.2d 823].) The information correctly accuses appellant of murder in language that is too clear to be misunderstood. He pleaded guilty to the charge with full knowledge of the consequences. He was just as guilty after the stipulation that the court make use of the evidence of the murder as he had been before.

Complaint is made that appellant was not advised with respect to his rights to appeal. There is no statute requiring a trial court to advise a convicted prisoner on the matter of appeal. All constitutional and statutory regulations on that score relate to the trial of the accused. No suggestion is made that the trial court failed properly to advise appellant of his legal rights. Not only was he represented by counsel, but all proper measures were applied to the end that his conviction resulted from his own plea in open court adapted to the written law.

The motion to set aside the judgment has no support in fact or in law. Order affirmed.

McComb, J., and Fox, J., concurred.