[Crim. No. 889.    Fourth Dist.    July 26, 1955.]

THE PEOPLE, Respondent, v. ELMER W. BROWN, Appellant.

Elmer W. Brown, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—An information was filed on December 20, 1945, charging the defendant with the crime of murder alleged to have been committed on November 21, 1945. The defendant was represented by an attorney at all stages, including the preliminary hearing. He pleaded not guilty and not guilty by reason of insanity, and three alienists were appointed to examine him with respect to his sanity. After their report he was allowed, at his own request, to withdraw his pleas of not guilty and not guilty by reason of insanity. He then entered a plea of guilty. The court found the offense to be that of murder in the first degree. A judgment with sentence of life imprisonment was entered on March 4, 1946. No appeal was taken from that judgment.

Some eight and one-half years later, on September 20, 1954, the defendant filed a petition for writ of error *coram nobis*. After a hearing on October 18, 1954, the court entered an

order denying the petition. The defendant has appealed from that order.

The defendant relies on 20 grounds as stated in his petition. Briefly stated, these are: that he was not allowed to present a defense; that his constitutional rights were violated; that he was held 23 days in jail without the issuance of a complaint; that he was denied a jury trial and the right to call witnesses; that the "verdict" is contrary to law; that no evidence for the "verdict" was allowed; that he was denied an "open court" trial; that he was "excluded from all means of self defense"; that his attorney exhibited "stupidity, *embelicity*"; that his attorney refused to present any facts in his behalf; that the denial of a trial denied him due process; that the court was prejudiced; that there was an "*infamatory* conspiracy" between his attorney and the district attorney; that he was not allowed to see an attorney during the 23 days he was held in jail; that the judgment was "unwarranted" and "unorthodox"; that because of all the grounds stated he was denied due process of law; that the unwarranted imposition of sentence denied him due process of law; that all legal principles are "aimed *dedly* against such swift reckless pretended trial"; that the judgment is repugnant to the 14th Amendment to the federal Constitution; and that the facts of the case do not warrant anything but an acquittal.

█ Six of these contentions, to the effect that there was no trial with a jury and witnesses, and no evidence to support the verdict, are sufficiently answered by the defendant's plea of guilty. (*People* v. *Ward*, 118 Cal.App.2d 604 [258 P.2d 86].) █ Four of these contentions, to the effect that the defendant was not allowed to see an attorney, that his attorney refused to present any facts in his behalf, and that there was a conspiracy between his attorney and the district attorney, are not supported by the record and even defendant's unsupported conclusions were denied by affidavits. The defendant was represented throughout the entire proceedings by one of the most experienced and able attorneys in that county, and the record strongly indicates that the result obtained was as favorable to the defendant as was possible under the circumstances. █ There is nothing in the record which would support the eight contentions to the effect that defendant's constitutional rights were violated and that he was denied due process of law; the contention that the court was prejudiced; and the contention that the facts do not warrant anything but an acquittal. As was said in *People*

v. *Gennaitte*, 127 ·Cal.App.2d 544 [274 P.2d 169], these contentions "are mere general assertions unsupported by any statement of specific facts and are wholly insufficient as grounds for vacating the judgment. To make broad and vague assertions which amount only to legal or factual conclusions is insufficient."

None of these contentions is supported by the record; all relate to matters which could have been brought to the attention of the court before judgment was pronounced, or could have been raised on an appeal from ·the judgment (*People* v. *Martinez*, 88 Cal.App.2d 767 [199 P.2d 375]) ; and nothing is even suggested which was not known to the defendant or which could not, with the exercise of any diligence, have been discovered by him years before the filing of the application for this writ. (*People* v. *Shorts*, 32 Cal.2d 502 [197 P.2d 330].) The record is unusually complete, with full clerk's and reporter's transcripts of all of the proceedings in the superior court, both the original proceedings and those on the hearing of the application for this writ; and nothing appears which would show that there was any fraud or coercion in connection with the entry of defendant's plea of guilty.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.