[Crim. No. 9088.   Second Dist., Div. One.   Sept. 5, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DANIEL DE BLASIO, Defendant and Appellant.

Turpit & Thompson and James E. Patterson for Defendant and Appellant.

Roger Arnebergh, City Attorney, William E. Doran and Nowland C. Hong, Deputy City Attorneys, for Plaintiff and Respondent.

FOURT, J.— The defendant in this case was charged in the Municipal Court for the Los Angeles Judicial District on March 4, 1957, with a violation of section 502 of the

Vehicle Code (drunk driving). The minutes of that court recite that the defendant deposited $263 cash bail on or about March 3, 1957, that on March 5, 1957, defendant was personally in court without an attorney and the cause was continued until March 12, 1957, at which latter time the defendant and his attorney Abbott Bernay were in court and the matter was continued to March 14, 1957, for arraignment and plea. On the latter date the defendant was in court with his attorney Maurice T. Leader and defendant was arraigned and pleaded not guilty. The minutes further recite "Defendant will waive jury trial at time of court trial. Court trial set for April 3, 1957. . . ." (There is nothing in the record to show or to indicate who if anyone made the statement to the effect that the "[d]efendant will waive jury trial at time of court trial.") On April 3, 1957, the minutes set forth that "defendant not in court but represented by Maurice T. Leader. People and Counsel stipulate cause may be submitted on arrest report. Defendant adjudged guilty of the offense charged. . . . Defendant, thru counsel, waives time for sentence . . . ." and then followed the order or judgment that defendant pay a fine of $125 plus a penalty assessment and that $132 of the cash bail be applied to the fine.

On January 11, 1963, a motion was made to set aside and vacate the judgment. The motion was denied on January 29, 1963, and an appeal followed. The Appellate Department of the Superior Court heard the matter and on May 16, 1963, rendered an opinion affirming the order denying the motion.

The cause was then certified to this court upon the motion of the Appellate Department of the Superior Court of Los Angeles County to settle two questions (1) did the defendant waive a jury or "at least, authorize his attorney, who did appear at that time, to waive one" and (2) did the delay of about six years bar the proceeding?

It seems to be presently asserted among other things that if the defendant exercises his privilege of absenting himself (which he had a right to do) then he thereby under the circumstances as here present waived a jury trial—that he by his absence necessarily indicated that he had given his attorney the power to waive a jury trial at the time of trial.

Neither side cited the case of *People* v. *Holmes* (1960) 54 Cal.2d 442 [5 Cal.Rptr. 871, 353 P.2d 583] which we think is dispositive of the matter at hand. In the *Holmes* case, counsel for defendant and counsel for the prosecution each announced that he was ready to proceed to trial—the court in-

quired whether there was to be a jury trial and counsel for defendant stated that he believed it would be a court trial— the defendant was asked his true name and was asked if he understood that he was charged with selling heroin and that he had a right to a trial by jury to which he answered in the affirmative. Counsel for the defendant was asked if he joined in a waiver to which he answered in the affirmative and the prosecutor also joined in such waiver. The defendant did not express in words a waiver of his right to a jury trial.

The Supreme Court said among other things ". . . it has been uniformly held that the waiver must be so expressed and will not be implied from a defendant's conduct'' citing numerous cases. Further the court said, "if the waiver were left to implication from conduct, there would be a danger of misinterpretation with respect to a right the importance of which requires there be certainty."

The Supreme Court in *People* v. *Rogers,* 56 Cal.2d 301, 307 [14 Cal.Rptr. 660, 363 P.2d 892], cited the *Holmes* case with approval.

In the case at bar the defendant, so far as the record before this court indicates, never said one word and admittedly if there was a waiver it must be implied from the defendant's conduct in failing to appear at the trial and in waiting so long before questioning the judgment and similar conduct.

The method of waiver is provided in the Constitution and it must be strictly construed. Mere unexpressed implied acquiescence is not enough. It is the responsibility of the trial judge to see to it that the right is protected and it can be done within the framework of our system of jurisprudence with little or no inconvenience.

The judgment is void on its face and the invalidity appears from an inspection of the only record of the case, namely, the complaint and the minutes of the municipal court. Such a judgment may be set aside upon motion at any time. *People* v. *Burke,* 23 Cal.App.2d 141, 142 [72 P.2d 261]. In *People* v. *Greene,* 74 Cal. 400 [16 P. 197, 5 Am.St.Rep. 448], where one of the questions was whether after a lapse of 12 years from the entry of judgment the court could set aside a void judgment, the Supreme Court said, at page 405: "A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its want of vitality, is a dead limb upon the judicial tree, which should be lopped off, if the power so to do exists. It can bear no

fruit to the plaintiff, but is a constant menace to the defendant.''

The court below is directed to set aside and vacate the judgment heretofore entered on April 3, 1957.

Wood, P. J., and Lillie, J., concurred.